HODGMAN et al. v. ATLANTIC REFINING CO. et al.

District Court, D. Delaware. July 19, 1927.

No. 452.

1. Costs ☞236—On reversal, District Court had discretion respecting allowance of costs in such court, where mandate did not deprive it thereof (Circuit Court of Appeals, Third Circuit rule 29, cl. 3).

Rule 29, cl. 3, of Circuit Court of Appeals, Third Circuit, providing that, in cases of reversal, costs shall be allowed to prevailing party, unless otherwise ordered by Circuit Court of Appeals, and that cost of transcript of record from court below shall be taxable in that court as costs, deals with costs in the Circuit Court of Appeals, and not with costs in District Court, except that cost of transcript shall constitute an item of costs in District Court, and so, where mandate of Circuit Court of Appeals, on reversal of decree with directions, did not deprive District Court of its discretion respecting allowance of costs in District Court, that discretion still existed.

2. Costs ☞236—District Court's discretion in allowing costs on reversal of its decree in equity case is not arbitrary.

Discretion in District Court in equity suit respecting allowance of costs in that court on reversal by Circuit Court of Appeals is not an arbitrary one, but its exercise must be governed by the rules pertaining thereto.

3. Costs ☞32(1)—In equity suits, prevailing party is entitled to costs, unless losing party can show equity and good conscience require different judgment.

The general principle is that in suits in equity, as in actions at law, the prevailing party is entitled to costs, and this principle must be applied, unless losing party can show that equity and good conscience require a different judgment.

4. Costs ☞236—Unanimous view of appellate court, in reversing decree for minority stockholders, that corporation was blameless, precluded denial of all costs to corporation because plaintiffs instituted suit in good faith.

Unanimous view of Circuit Court of Appeals, in reversing decree in favor of minority stockholders, suing to set aside certain transactions by corporation, that corporation was blameless, deprived of any weight grounds asserted by plaintiffs for refusing to allow all costs to defendant, because plaintiffs instituted action in good faith, and because District Court sustained their claim.

5. Costs ☞256(1)—Defendant, obtaining reversal, will be allowed only three-fourths of its disbursements in preparing transcript as costs in trial court, where its conduct lengthened record.

Where, in minority stockholders' suit to set aside certain transactions by corporation,

corporation, by failing to produce certain documents on the trial, and by endeavoring to prevent plaintiffs from obtaining and presenting evidence respecting transactions complained of, facts relating to which were in its possession, added to plaintiffs' difficulty in presenting the evidence, resulting in greatly increasing length of record, *held* that, on reversal of decree for plaintiffs, with directions, trial court will only allow defendant three-fourths of its disbursements for certifying the transcript on appeal, stenographer's charges, and printing of record, though plaintiffs also added unnecessarily to length of record.

In Equity. Suit by Marshall Hodgman and others against the Atlantic Refining Company and another. Decree for plaintiffs (300 F. 590) was reversed by the Circuit Court of Appeals (13 F.[2d] 781), with costs and direction to dismiss the bill, and the matter is now before the District Court respecting allowance of costs in that court. Decree in accordance with opinion.

See, also, 2 F.(2d) 893, 8 F.(2d) 777.

Lawrence Berenson and Arthur Berenson, both of New York City, and Andrew C. Gray and E. Ennalls Berl, both of Wilmington, Del., for plaintiffs.

Ira Jewell Williams and Yale L. Schekter, both of Philadelphia, Pa., and Robert H. Richards, of Wilmington, Del., for defendant Atlantic Refining Co.

MORRIS, District Judge. In this stockholders' suit against Atlantic Refining Company and Superior Oil Corporation for the benefit of the latter company, a decree was entered by this court setting aside the transactions between the corporations complained of in plaintiffs' bill. 300 F. 590. Upon appeal the decree here entered was reversed. (C. C. A.) 13 F.(2d) 781. By the mandate it was ordered and adjudged that the decree below be "reversed, with costs, with direction to the said District Court to dismiss the bill of complaint"; that the Atlantic Refining Company recover against the appellees $76.-80 "for costs herein expended," and have execution therefor; and that the Superior Oil Corporation recover $61.35 for like costs.

The matter now before the court has to do with the allowance of costs in this court by the final decree now to be entered. The Atlantic Refining Company desires that that decree shall provide that it recover of the plaintiffs its disbursements of $9,566.50 for printing the transcript of record on appeal, $1,-385.50, being one-half of stenographer's charges for the record of proceedings at the trial, and $816.35 for certifying the transcript on appeal. To these three items the plaintiffs object, contending that the allowance of costs is within the discretion of the court, and that such discretion should be exercised against the allowance of these items.

[1] The defendant asserts, however, that notwithstanding the mandate contains no provision with respect to the costs in this court, yet rule 29, clause 3, of the Circuit Court of Appeals, deprives this court of any discretion and makes it mandatory that costs be allowed the appellants. This clause provides:

"In cases of reversal of any judgment or decree in this court costs shall be allowed to the plaintiff in error or appellant, unless otherwise ordered by the court. The cost of the transcript of the record from the court below shall be taxable in that court as costs in the case."

Rule 29 deals with costs in the court above, and not with costs in this court, save that the last sentence of clause 3 provides that the cost of the transcript shall constitute an item of costs in the court below and not in the court above. It was in effect so determined by the Circuit Court of Appeals of the Second Circuit in Romeike v. Romeike, 251 F. 273, 275, in which, the decree of the court below in favor of the plaintiff having been reversed, with costs, that court, holding it had no discretion, refused to consider the defendant's application for costs, and simply dismissed the bill. On petition to direct the District Court to allow defendant's application for costs, the Circuit Court of Appeals said:

"* * * In suits in equity and admiralty, costs being discretionary, when the decree of the court below is reversed or modified by this court, with costs, the costs of this court are meant; the court below having a discretion as to the costs there, unless the mandate otherwise provides."

The first sentence of clause 3 of rule 31 of the Second Circuit is identical with the first sentence of clause 3, rule 29, of this circuit. Again, in Jourolman v. East Tennessee Land Co., 85 F. 251, the Circuit Court of Appeals of the Sixth Circuit said:

"By the decree of this court the reversal was in terms with costs, without more, and this was the form of the mandate. This left the question of the costs in the court below subject to the power of that court."

[2] Clause 1 of rule 27 of that court was substantially the same as the first sentence of clause 3, of rule 29 as quoted above. As the mandate of the Circuit Court of Appeals did not, in the case at bar, deprive this court of its discretion in the matter of the allowance of the costs in this court, that discretion still exists. That discretion, however, is not an

arbitrary one. In its exercise this court must be governed by the rules pertaining thereto. [3] The general principle is that in suits in equity, as in actions at law, the prevailing party is entitled to costs. Gold v. Gold, 187 F. 273 (C. C. A. 2); Blassengame v. Boyd, 178 F. 1, 21 Ann. Cas. 800 (C. C. A. 4); Westfeldt v. North Carolina Min. Co., 177 F. 132 (C. C. A. 4). This principle must be here applied, unless the losing party can show that equity and good conscience require a different judgment. Peirsoll v. Elliott, 6 Pet. 95, 8 L. Ed. 332; Westfeldt v. North Carolina Min. Co., supra. The reasons advanced by the plaintiffs to move the court to exercise its discretion in favor of the plaintiffs are that the suit was brought in good faith by minority stockholders of Superior Oil Corporation, and that their claim that injuries had been done their company by the Refining Company was sustained by this court; that the Refining Company, by its failure to produce documents at the trial, made necessary the calling of a large number of witnesses by the plaintiffs and a consequent increase in the length of the record; that the Refining Company incumbered the record with immaterial and irrelevent documents; that throughout the trial the Refining Company endeavored to prevent the plaintiffs from obtaining and presenting to the court evidence touching the transactions complained of; and that the new question of law touching the no par value stock justified the action of the plaintiffs in instituting the suit, regardless of its outcome. Hiner v. C. G. Aldrich Co. (D. C.) 255 F. 785; Westfeldt v. North Carolina Min. Co., supra; Grattan v. Appleton, 3 Story, 755, Fed. Cas. No. 5707.

[4] While it seemed to me upon final hearing that not only had the suit been instituted in good faith, but that the plaintiffs had satisfactorily sustained by the evidence the causes of action alleged, yet the clear and unanimous view of the Circuit Court of Appeals that the Refining Company was blameless deprives, I think, the first assigned reason for not allowing the Refining Company all its costs, of any weight. The last reason is likewise removed for the Court of Appeals found the question of law to have been already satisfactorily settled.

[5] The remaining grounds assigned are, however, I think, well taken. It is true that the plaintiffs, as well as the defendants, added much unnecessarily to the length of the record. The fault of the Refining Company in this regard was, however, I think, much greater, for the facts were in its possession, while the plaintiffs were minority stockholders

seeking to uncover and establish those things which, upon information, they believed to be facts. Again, facts which should have been readily available to the plaintiffs were, because of defendant's attitude, obtained by them only with the greatest difficulty and at the expense of a greatly lengthened record. It seems inequitable that the Refining Company should be permitted to recover as costs from the plaintiffs the added expense for obtaining, certifying, and printing the record thus lengthened.

Consequently the Refining Company will be permitted, by the final decree now to be entered, to recover from the plaintiffs only three-fourths of its disbursements for certifying transcript on appeal, stenographer's charges, and printing of record.