POPEIL BROTHERS, INC.,
Plaintiff-Appellee,

v.

SCHICK ELECTRIC, INC., et al.,
Defendants-Appellants.

No. 74–1975.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 25, 1975.

Decided May 6, 1975.

Walther E. Wyss, John D. Dewey, Edward W. Osann, Jr., Chicago, Ill., Charles R. Miranda, Bridgeport, Conn., for defendants-appellants.

Melvin M. Goldenberg, Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and CUMMINGS and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

The most significant issue presented by this appeal is whether the district court abused its discretion under Rule 54(d) of the Federal Rules of Civil Procedure by setting aside the taxing of costs in favor of the prevailing party against the unsuccessful party in a case where the judgment dismissing the complaint was silent as to costs and both parties acted in good faith in the prosecution and defense of the proceeding.

I

The plaintiff patent owner sought injunctive relief and damages in separate but consolidated complaints charging each of the defendants with infringement of and inducement to infringe plaintiff's patent. Following a trial before the court, the district court entered findings of fact and conclusions of law and dismissed the complaints, holding that the patent was invalid as anticipated by prior art and for obviousness, that the plaintiff misused the patent, and that the defendants neither infringed it nor induced its infringement. Popeil Brothers, Inc. v. Schick Electric, Inc., 356 F.Supp. 240 (N.D.Ill.1972). The findings and conclusions as well as the judgment entered pursuant to them was utterly silent as to the matter of costs.

Upon plaintiff's appeal, this court affirmed with respect to invalidity, rendering it unnecessary to pass upon misuse and noninfringement. Popeil Brothers, Inc. v. Schick Electric, Inc., 494 F.2d 162 (7th Cir. 1974). The question of district court costs was not raised nor decided in the appeal. However, this court's mandate provided that the district court judgment was affirmed "with costs" and the clerk's customary bill of costs in the amount of $1,202.47, taxing those costs in favor of the defendants, was filed with the clerk of the district court with the mandate.

Upon remand the district court on May 17, 1974, entered a judgment "on mandate." At the same time the district court clerk taxed costs against the plaintiff and in favor of the defendants for $12,471.88, to which the clerk added the costs awarded by this court on the prior appeal of $1,202.47, for a total of $13,674.35. Also on May 17, 1974, the defendants moved pursuant to Rule 37(c) of the Federal Rules of Civil Procedure [1] for an order awarding defendants their expenses including attorneys' fees in taking depositions in Japan, alleged to have been required as a result of plaintiff's failure to admit the truth of requests for admission in accordance with Rule 36. These additional expenses, including attorneys' fees, amounted to $16,049.09.

The plaintiff moved to set aside the taxing of costs by the clerk and to strike the Rule 37 motion. On October 24, 1974, the district court granted plain-

---

1. Fed.R.Civ.P. 37(c) provides:

If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

tiff's motion to set aside the taxed costs and denied defendants' motion for costs and attorneys' fees under Rule 37.

The defendants have appealed both the setting aside of the $13,674.35 costs and the denial of the $16,049.09 additional expenses.

## II

The costs were originally taxed by the clerk of the district court for $13,674.35 pursuant to Rule 54(d) of the Federal Rules of Civil Procedure[2] and 28 U.S.C. § 1920.[3] The plaintiff did not object to any of the specific items taxed as costs, but only to the propriety of taxing costs inasmuch as the original order dismissing the complaints had been silent as to costs and that order had been appealed and affirmed. Thus, the issue in this portion of the present appeal does not involve a district court's discretion as to the allowance or disallowance of particular items of costs, but whether the court abused its discretion in disallowing all costs to the prevailing party under the circumstances of this case.

Prior to the promulgation of the Federal Rules of Civil Procedure, there was a "rule of practice established by long usage" that in actions at law the prevailing party was entitled to costs as of right. Ex parte Peterson, 253 U.S. 300, 317-18, 40 S.Ct. 543, 64 L.Ed. 919 (1920). In equity proceedings the allowance and imposition of costs, unless controlled by statute or rule of court, was a matter of discretion. Newton v. Consolidated Gas Co., 265 U.S. 78, 83, 44 S.Ct. 481, 68

L.Ed. 909 (1924); Ex parte Peterson, *supra*, at 317, 40 S.Ct. 543.

In equity, "[t]he prevailing party is, however, prima facie entitled to costs, and it is incumbent on the unsuccessful party to show circumstances sufficient to overcome the presumption." In re Northern Indiana Oil Co., 192 F.2d 139, 142 (7th Cir. 1951). "This principle must be . . . applied, unless the losing party can show that equity and good conscience require a different judgment." Hodgman v. Atlantic Refining Co., 20 F.2d 949, 951 (D.Del.1927).

Rule 54(d) provides in pertinent part:

Except when express provision therefor is made either in a statute of the United States or in these rules, *costs shall be allowed as of course to the prevailing party* unless the court otherwise directs . . ..

Fed.R.Civ.P. 54(d) (emphasis added).

The emphasized language, standing alone, would establish under the Federal Rules the former usage at law of awarding costs as of right to the prevailing party. The succeeding language—"unless the court otherwise directs"—vests a sound discretion in the district court. The district court's discretion is not unfettered, however, or the earlier language would be rendered meaningless.

Professor Moore has concluded that the "latter qualification states an equitable principle . . . [c]omparable to the principle formerly applying in suits in equity." 6 J. Moore, Federal Practice ¶ 54.70[5] at 1312 and n.5. *See also*

---

2. Fed.R.Civ.P. 54(d) provides:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

3. 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Farrar v. Farrar, 106 F.Supp. 238 (W.D. Ark.1952), where the court with reference to the same language stated: "This seems to be a restatement of the old Equity rule with somewhat more emphasis on the prima facie right of the prevailing party to recover costs." *Id.* at 241.

The Supreme Court, in a passing reference to Rule 54(d) in Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), merely observed that:

> While this Rule could be far more definite as to what "costs shall be allowed," the words "unless the court otherwise directs" quite plainly vest some power in the court to allow some "costs."

*Id.* at 232, 85 S.Ct. at 415.

■ Consequently, the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption. Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959).

This circuit has through the years adhered to this interpretation and has reversed exercises of discretion which go beyond it. Jones v. Schellenberger, 225 F.2d 784, 794 (7th Cir. 1955), cert. denied, 350 U.S. 989, 76 S.Ct. 476, 100 L.Ed. 855 (1956) ("reprehensible" conduct by the prevailing party triggered the "fullest extent" of discretion against him); Chicago Sugar Co. v. American Sugar Refining Co., 176 F.2d 1, 11 (7th Cir. 1949), cert. denied, 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950); United States v. E. J. Biggs Const. Co., 116 F.2d 768, 775 (7th Cir. 1940).

Inasmuch as both parties rely upon language in *Chicago Sugar Co., supra,* it is important to quote from it at some length:

> While there is no question that, under Rule 54(d), Rules of Civil Procedure, 28 U.S.C.A. which provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * * " the court has discretion over the allowance of costs, we think the facts disclosed did not justify the exercise of that discretion. As we understand it, the denial of costs to the prevailing party or the assessment of partial costs against him is in the nature of a penalty for some defection on his part in the course of litigation as, for example, by calling unnecessary witnesses, bringing in unnecessary issues or otherwise encumbering the record, or by delaying in raising objection fatal to the plaintiff's case. [citations omitted]. A party, although prevailing, would be denied costs for needlessly bringing or prolonging litigation.

> *   *   *   *   *   *

> However, there appears to be no indication of any bad faith or deliberate confusion on defendant's part, hence, we are of the opinion that, in the absence of some showing of bad faith or the deliberate adoption of a course of business dealings calculated to render litigation pertaining thereto unnecessarily prolix and expensive, the penalty of denial or apportionment of costs under Rule 54(d) should be imposed only for acts or omissions on the part of the prevailing party in the actual course of the litigation, except that where it is clear that the action was brought in good faith, involving issues as to which the law is in doubt, the court may in its discretion require each party to bear its own costs although the decision is adverse to plaintiff. See Bliss v. Anaconda Copper Mining Co., C.C., 167 F. 1024, 1028. In our case, since the judgment was not for each party to bear its own costs, but rather to pay half of the fees and charges of the master, and since that judgment in fact amounted to a penalty on defendant for prolongation of the litigation, the judgment was erroneous.

*Chicago Sugar Co., supra* at 11.

■ *Chicago Sugar Co.* makes it clear that the presumption that the prevailing party is entitled to costs can only be overcome by the unsuccessful party's showing that the prevailing party should be penalized by a denial of costs. The record in the present case, as well as the briefs and the district court's memorandum, are devoid of any indication of fault on the prevailing party's side which would call into play the penalty of losing its costs.

To the contrary, the district court based the penalty of setting aside the taxing of costs by the clerk in favor of the prevailing party not on any default by the prevailing party, but rather on the absence of any fault on the part of the unsuccessful party. The court said:

> This lawsuit was not based on a totally frivolous claim. There was no evidence of an attempt to harass or willfully interrupt defendants' business by an abuse of legal process.

■ The mere fact that the unsuccessful party was an ordinary party acting in good faith[4] and neither harassing its opponent nor abusing legal process is not sufficient to overcome the presumption that the prevailing party is entitled to costs. There exists another presumption, and that is that parties on both sides of a cause are acting honestly and ethically. That the losing party is in fact what he is presumed to be and is in fact conducting himself as he is expected and required to conduct himself, does not create any equities defeating the presumption that the prevailing party collect the costs due to him "as of course." If the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d) would have little substance remaining.

Nevertheless, the losing party relies upon the *Chicago Sugar Co.* language to the effect that the court may in its discretion require each party to bear its own costs where "the action was brought in good faith, involving issues as to which the law is in doubt." *Chicago Sugar Co., supra* at 11. These words were at war with the theory of prevailing-party-default expressed in the remainder of the opinion, relied only upon a 1909 district court opinion, and were immaterial to the result. Inasmuch as virtually every case brought in good faith in some respect involves issues as to which the law is in doubt, if only in regard to the ultimate outcome, a literal interpretation of the language would render Rule 54(d) meaningless. On the other hand, if the court intended the words to mean that landmark issues of national importance must be at stake to avoid the usual rule, that was certainly not the case here. This was the usual patent infringement case. The district court found and this court affirmed that certain prior art was "more pertinent to the subject matter claimed in the patent in suit than the prior art cited by or to the Patent Office during the prosecution of the patent." Popeil Brothers, Inc. v. Schick Electric, Inc., 494 F.2d 162, 165 (7th Cir. 1974).

The situation is similar to that in Pickering v. Holman, 459 F.2d 403 (9th Cir. 1972), where, in upholding the awarding of costs to the defendant, the court said:

> Pickering, who obtained his patent without full disclosure to the Patent Office and sued upon an invalid patent, is the wrongdoer. If he is not charged costs he gains a windfall.

*Id.* at 408.

We reconfirm *Chicago Sugar Co.* and find nothing said there to be at odds with our holding here.

We conclude that the district court abused its discretion in setting aside the taxing of costs by the clerk of the district court.

---

4. The district court's language that the lawsuit "was not based on a totally frivolous claim" is ambiguous and possibly raises an implication that it was partly frivolous. However, we assume for this appeal that the claim was wholly nonfrivolous.

■ Bills of costs are usually presented after appeals.[5] The silence as to costs of the original judgment of dismissal and the findings and conclusions had the effect of neither finalizing the amount of costs nor of depriving the prevailing party of its presumption that costs would be included in the final judgment upon the mandate after appeal. The original judgment could have expressly denied costs, whereupon the parties could have briefed and argued that issue and had it determined in the first appeal. However, the original judgment was silent and the presumption was not taken away. We therefore vacate the order granting the motion to set aside and remand with directions to reinstate the costs so awarded in the amount of $13,674.35.[6]

### III

The expenses and attorneys' fees of $16,049.09 sought by the defendants under Rule 37(c) stand on a somewhat different footing.

These costs and fees related to the taking of depositions in Japan. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), involved the costs of the company for transporting witnesses from Saudi Arabia. The Supreme Court said:

We cannot accept either the extreme position of the company that the old 100-mile rule has no vitality for any purpose [permitting the awarding of such costs] or *Farmer's* argument that a federal district court can never under any circumstances tax as costs expenses for transporting witnesses more than 100 miles. . . . We therefore hold that . . . [the district court] was correct in treating this case as an appeal to his discretion.

\* \* \* \* \* \*

[The district court] undoubtedly was influenced to some extent by the long-standing 100-mile rule. That rule, we think, is a proper and necessary consideration in exercising discretion in this field.

*Id.* at 232, 234, 85 S.Ct. at 415.

In view of *Farmer* it would be difficult for a court of appeals to find that a district court abused its discretion in either allowing or disallowing costs incurred beyond the 100-mile zone.

Plaintiff here has sought to recover these expenses and fees under Rule 37(c) instead of under Rule 54(d) and 28 U.S.C. § 1920 as in *Farmer*.

Rule 37(c) lacks both the "shall be allowed as of course" language of Rule 54(d) and the presumption that the prevailing party shall recover costs developed in the prior equity practice and usage. Rule 37 does provide however, that if the party required to prove the truth of matters which his opponent has denied the truth of under Rule 36, applies to the court for his reasonable expenses and attorneys' fees, the court "shall make the order unless it finds" the request objectionable; the admission sought of no substantial importance; the party failing to admit having reasonable ground to believe that he might prevail on the matter; or other good reason for the failure to admit.

■ In view of the lack of the presumption under Rule 37(c) and the many bases on which the district judge can exercise discretion under that rule, it would be difficult to distinguish *Farmer* and conclude that costs beyond the 100-mile zone are not subject to what amounts to almost absolute discretion on the trial judge's part.

■ In addition, the lack of the presumption under Rule 37(c) casts a different light on both the timing of the re-

---

**5.** United States v. Hoffa, 497 F.2d 294, 296 (7th Cir. 1974) (a criminal case but where the court observed that "the rules for imposition of costs in criminal cases are the same as in civil cases").

**6.** While it is not clear what the district court had in mind in setting aside the $1,202.47 portion of the costs which had been awarded by this court in the first appeal, that issue was not pursued by the parties inasmuch as immediately after the district court's order, plaintiff's counsel submitted a check in the amount of $1,202.47 to defendants' counsel.

quest for those expenses and fees, and upon the lack of any reference to them in the original judgment of findings and conclusions. We conclude that Rule 37(c) expenses and fees must be timely sought prior to judgment and appeal, and that if the judgment is silent in regard thereto, they are deemed waived or denied.

The district court's denial of the defendants' motion for the award of Rule 37(c) expenses and fees in the amount of $16,049.09 is affirmed.

Reversed in part; affirmed in part.