DELTA AIR LINES, INC.,
Defendant-Appellant,

v.

Anita COLBERT, Plaintiff-Appellee.

No. 81–2551.

United States Court of Appeals,
Seventh Circuit.

Nov. 5, 1982.

E. Allan Kovar, Kovar Nelson & Brittain, Chicago, Ill., for defendant-appellant.

Shane H. Anderson, Reuben & Proctor, Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and DAVIS * and PELL, Circuit Judges.

DAVIS, Circuit Judge.

The question is whether the District Court abused its discretion in refusing to award court costs to an employer-defendant that prevailed in a racial discrimination and retaliation suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The plaintiff in that action was appellee Anita Colbert, a black flight attendant, who charged appellant Delta Air Lines with improperly suspending and then discharging her. A rather long trial was held before Judge Shadur who made detailed findings of fact and conclusions of law, holding for appellant employer on the merits. The court, however, refused attorney's fees to Delta and also ordered that each party was to bear her or its own costs. Delta appeals solely on the ground that the court erred in

* Oscar H. Davis, Circuit Judge, United States Court of Appeals for the Federal Circuit, is sitting by designation.

refusing costs to it as the prevailing party.[1] We reverse and remand.

▆ Rule 54(d) of the Federal Rules of Civil Procedure provides (in pertinent part):

Except when express provision therefor is made either in a statute of the United States or in these rules, costs *should* be allowed *as of course* to the prevailing party *unless the court otherwise directs;* * * * (emphasis added).

This means that, where Rule 54(d) applies, the prevailing party is prima facie entitled to costs and the losing party must overcome that presumption. *Popeil Brothers, Inc. v. Schick Electric, Inc.,* 516 F.2d 772, 775 (7th Cir.1975); *Gardner v. Southern Railway Systems,* 675 F.2d 949, 954 (7th Cir.1982). "This circuit has through the years adhered to this interpretation and has reversed exercises of discretion which go beyond it" *Popeil Brothers, Inc.,* 516 F.2d at 775. The losing party's good faith and proper conduct of the litigation is not enough, *id.* at 776; *Gardner,* 675 F.2d at 954, and in the decisions upholding refusal of costs there has been some fault, misconduct, default, or action worthy of a penalty on the part of the prevailing side. *Popeil Brothers,* 516 F.2d at 775–76.

▆ On this appeal we can put entirely aside any fault in Delta's handling of the case. The district court did not find any, and none is asserted by Ms. Colbert. Rather, the district court's rationale was that plaintiff's claims were colorable and the taxation of substantial costs against her would "undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII," citing *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). We assume, as Judge Shadur later explained, that in this context "colorable" is the equivalent of "reasonably grounded."[2] The narrow issue, then, is whether those grounds are proper ones for refusing to award costs to the winning party.

That plaintiff's case was reasonable or even close is plainly not enough in itself. This court so held in *Popeil Brothers,* 516 F.2d at 776 (e.g., "If the awarding of costs could be thwarted every time the unsuccessful party is a normal average party and not a knave, Rule 54(d) would have little substance remaining"). Even if it be thought that Rule 54(d) permits denial of costs to the winning side in "landmark cases of national importance", *ibid.,* this litigation cannot be so characterized. It turned on the particular facts of Ms. Colbert's career with Delta, not on significant principles of law.

As for the fact that this was a Title VII suit, the quotation the court below took from *Christianburg Garment* related to attorneys' fees, not to costs, and involved a new and different statutory provision (§ 706(k) of Title VII) which was much less mandatory in allowing attorneys' fees to be given the prevailing party,[3] and was general enough in phrasing to permit the Supreme Court to spell out the breadth of the allowable discretion. Rule 54(d), as this court has reiterated, leaves less discretion to the judge to deny costs, and has long been interpreted by this and other federal courts as to the particular elements to be considered in exercise of the trial court's discretion. And we agree with the en banc Third Circuit that Title VII carved out no blanket exception from Rule 54(d) as that rule now stands. *Croker v. Boeing Co.,* 662 F.2d 975, 998 (3d Cir.1981).[4] The wording and structure of Title VII indicate no such

---

1. No appeal was taken by Ms. Colbert on the merits of her case, and Delta has not appealed on the matter of attorneys' fees.

2. The court also pointed out, in a discussion with counsel, that although it decided for Delta the case was relatively close and "there was plenty of evidence from which the inference of discrimination could logically have been drawn."

3. The statute said that "the court, *in its discretion may* allow the prevailing party * * * a reasonable attorney's fee * * *" (emphasis added).

4. On this point, the en banc Third Circuit was unanimous.

exclusion[5]—nor does 54(d) or any other rule. We should therefore apply the normal principle that later-passed legislation must be read to harmonize with the federal rules if that is at all feasible. *See Grossman v. Johnson,* 674 F.2d 115, 122–23 (1st Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 85, 74 L.Ed.2d 80, 1982. Compare *General Telephone Co. v. EEOC,* 446 U.S. 318, 334, n. 16, 100 S.Ct. 1698, 1708, n. 16, 64 L.Ed.2d 319 (1980), where, after holding that it was directly inconsistent with the statute to apply the certification provisions of the class-action rule to EEOC enforcement proceedings, the Court said expressly: "We by no means suggest that the Federal Rules generally are inapplicable to the EEOC's § 706 actions."[6] To consider every Title VII case as of "national importance" and thus outside of Rule 54(d)—as appellee would have it—would in effect carve out a general exception for Title VII from the coverage of 54(d).

The result is that Rule 54(d) applies to this Title VII case, the district court's discretion was confined to special circumstances almost wholly related to some fault by the prevailing party (absent here), and it is insufficient that the losing plaintiff had a reasonable basis for her case. It is unfortunate that the costs may be large and the losing employee may be hard-pressed to pay them, but we cannot find in those circumstances a good basis for denying costs either under Title VII or under Rule 54(d) as they are now formulated.[7]

Accordingly, we reverse the district court's outright denial of costs to Delta and remand for consideration of which of Delta's particular costs may appropriately and legitimately be allowed under Rule 54(d).

*See Croker v. Boeing Co.,* 662 F.2d at 998–99. The court may also wish to consider whether appellee is now an indigent and if so whether she may be excused from paying Delta's costs in whole or in part (or may be given an extended time in which to pay).

REVERSED AND REMANDED.

---

**5.** It should be noted that Title VII contains no provision respecting costs, unlike its special provision on attorney's fees.

**6.** The Court's references in *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 351, 353, 353–54 n. 12, 354–55, 355 n. 14, 101 S.Ct. 1146, 1149, 1150, 1150–51 n. 12, 1151, 1151 n. 14, 67 L.Ed.2d 287 (1981), to the trial court's discretion under Rule 54(d) did not purport to specify the limits and elements of that discretion. But those limits are critical here.

**7.** Appellee contends (citing *Newton v. Consolidated Gas Co.,* 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909 (1924)) that the district court's order requiring each party to bear her or its own costs is simply not appealable because appellant raises no other issue, but that old doctrine cannot stand under Rule 54(d) where the trial court is asserted to have abused its discretion. *See Farmer v. Arabian American Oil Co.,* 324 F.2d 359, 361–62 (2d Cir. 1963), *rev'd on other grounds,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).