**Fred SANFORD, Plaintiff,**

v.

**CBS INC. and Rose Records, Inc., Defendants.**

**No. 83 C 3373.**

United States District Court, N.D. Illinois, E.D.

Aug. 7, 1985.

Jerold A. Jacover, Cynthia A. Homan, Willian, Brinks, Olds, Hofer, Gilson & Lione, Chicago, Ill., for plaintiff.

James A. Klenk, Charles C. Post, Reuben & Proctor, Chicago, Ill., for defendant.

### MEMORANDUM ORDER

ASPEN, District Judge:

After prevailing at trial in this copyright action, defendant CBS Inc. ("CBS") filed a bill of costs seeking almost $28,000.00 from plaintiff Fred Sanford ("Sanford"). Presently before the Court is Sanford's motion to review the bill of costs. For the reasons set forth below, Sanford's motion is granted, and it is ordered that the parties shall bear their own costs.

CBS contends that its request for costs is governed by Fed.R.Civ.P. 54(d), which provides in relevant part that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." The Seventh Circuit has held that this language creates a presumption in favor of awarding costs. *E.g., Delta Air Lines, Inc. v. Colbert,* 692 F.2d 489, 490 (7th Cir.1982). Sanford, however, argues that Rule 54(d) is inapplicable here, and that the taxation of costs is governed

solely by 17 U.S.C. § 505 of the Copyright Act. Section 505 states in pertinent part: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." This provision departs significantly from the former rule in copyright cases (under which it was mandatory to award full costs to the prevailing party), and even permits the award of costs to the losing rather than the prevailing party. *Kepner-Tregoe, Inc. v. Carabio*, 203 U.S. P.Q. 124, 136 (E.D.Mich.1979); 3 M. Nimmer, Nimmer on Copyright § 14.09 (1985).

 It is clear that § 505 overrides Rule 54(d) at least insofar as costs relating to Sanford's copyright claim are concerned. The usual procedure for taxing costs under Rule 54(d) was not intended to apply in any suit where there is a specific costs provision built into the controlling statute. *A. Smith Bowman Distillery, Inc. v. Schenley Distillers, Inc.*, 204 F.Supp. 374, 375 n. 2 (D.Del.1962); *see also* Advisory Committee Note to Fed.R.Civ.P. 54(d). However, CBS asserts that Rule 54(d) still applies, to some undefined extent, to this case because Sanford's complaint also included four non-copyright counts.

We disagree. From its inception, this case was essentially a copyright action. In the complaint, all the non-copyright claims were based on the same facts as Count I, the copyright claim; indeed, Sanford states that the other counts were dismissed shortly before trial "because their proofs were subsumed by the copyright claim." CBS as well has consistently focused on the copyright aspect of Sanford's suit. CBS's motion for summary judgment was directed primarily to the copyright claim and even argued that the other counts were either preempted by the Copyright Act or were essentially the same as the copyright count. CBS's reply memorandum dealt solely with the copyright claim, and the Court's opinion denying summary judgment made no distinctions between the counts, as the same set of facts applied to each of them. Moreover, CBS has not identified (and, we think, cannot identify) any cost items which relate only to the non-copyright claims and not to Count I. Thus, we find that § 505 rather than Rule 54(d) governs the taxation of any and all costs in this suit.

 As noted above, § 505 vests broad discretion in the courts regarding the assessment of costs in copyright actions—no presumptions in favor of the prevailing party are created. We believe the denial of all costs is a proper exercise of our discretion under the circumstances of this case.[1] Taxation of the costs sought by CBS would impose a great hardship on Sanford and his wife, possibly driving them into bankruptcy. On the other hand, the amount of costs is immaterial to CBS, a multi-billion dollar corporation. Furthermore, Sanford's case was far from meritless.[2] Although the trial took only about six days, the jury deliberated for approximately twenty-six hours. Given the close outcome of the case,[3] it would be inequitable to force Sanford into financial ruin for bringing in good faith what appeared to be a legitimate copyright claim. *Cf. Cox v. Maddux*, 285 F.Supp. 876, 883 (E.D.Ark.1968) (in action governed by Rule 54(d), losing party should not be burdened inordinately with costs).

Accordingly, Sanford's motion to review the bill of costs is granted, and the parties shall bear their own costs. It is so ordered.

1. Another recent copyright case denying all costs to the prevailing party is *Pacific and Southern Co., Inc. v. Duncan*, 572 F.Supp. 1186, 1198 (N.D.Ga.1983), *aff'd in part and rev'd in part on other grounds*, 744 F.2d 1490 (11th Cir. 1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1867, 85 L.Ed.2d 161 (1985). The court in that case did not explain why it declined to award costs, but the disparity in the fiscal size of the parties may well have been a factor.

2. This is just one way in which this case is distinguishable from *Williams Electronics, Inc. v. Bally Mfg. Corp.*, 568 F.Supp. 1274, 1983 Copyright Law Decisions ¶ 25,582 (N.D.Ill.1983), cited by CBS.

3. Indeed, jurors who spoke with the media reported that the debates in the jury room were heated, and the initial majority vote of the jury was in favor of the plaintiff.