James E. THOMAS, Rosie M. Thomas and the Northwest Indiana Open Housing Center, Inc., Plaintiffs,

v.

FIRST FEDERAL SAVINGS BANK OF INDIANA and Joseph Kurpis a/k/a Rudy Kurpis, Defendants.

Civ. No. H84–716.

United States District Court, N.D. Indiana, Hammond Division.

March 19, 1987.

422

Rosalind Parr and Albert Marshall, Jr., Gary, Ind., for plaintiffs.

Fred Cuppy, Kathryn D. Schmidt, Merrillville, Ind., Stephen Smith, Chicago, Ill., for defendants.

## ORDER

MOODY, District Judge.

This matter comes before the court on a Petition for Costs and Attorney's Fees filed by defendants First Federal Savings Bank of Indiana and Rudolph Kurpis on January 26, 1987. Plaintiffs James E. and Rosie M. Thomas and the Northwest Indiana Open Housing Center, Inc. filed in opposition on February 26, 1987.

A bench trial was held in this case on January 20 and 21, 1987. Plaintiffs' complaint alleged violations of the Federal Housing Act, 42 U.S.C. §§ 3604 and 3605; the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.;* and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982. After plaintiffs rested their case on January 21, defendants moved for an involuntary dismissal pursuant to Fed.R.Civ.P. 41(b). On January 22, 1987, this court granted defendants' 41(b) motion. By their present petition, defendants seek an assignment of costs and attorney's fees pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988.

### I.

#### *Attorney's Fees*

Section 1988 provides that "[i]n any action or proceeding to enforce a provision of sections 1981 [or] 1982 ... of this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (U.S.C.A.1981). In *Christianburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), the Supreme Court formulated the general guidelines by which a district court's dis-

cretion is to be exercised. According to the Court, a district court may award attorney's fees to a prevailing defendant[1] "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421, 98 S.Ct. at 700; *see also Hughes v. Rowe,* 449 U.S. 5, 14–15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).

■ In applying the *Christianburg* analysis, courts look at several relevant factors: (1) whether the issue involved in the case was one of first impression requiring judicial resolution; (2) whether the controversy was sufficiently based upon a real threat of injury to the plaintiff; (3) whether the trial court makes a finding that the suit was frivolous under *Christianburg;* and (4) whether the record would support such a finding. *Munson v. Friske,* 754 F.2d 683, 696–97 (7th Cir.1985) (citing *Reichenberger v. Pritchard,* 660 F.2d 280, 288 (7th Cir.1981)). These four criteria do not constitute a separate and distinct test, apart from the *Christianburg* analysis; instead, these factors are meant merely to be instructive and helpful in applying the *Christianburg* test. *LeBeau v. Libbey-Owens-Ford Co.,* 799 F.2d 1152, 1156–57 n. 6 (7th Cir.1986).

■ In the case at bar, the court finds that issues raised by plaintiffs at trial did involve questions of first impression for judicial resolution. Plaintiffs alleged that defendant First Federal, a financial lending institution, discriminated against the Thomases in denying them additional financing on their already-acquired home, thereby violating section 3605 of the Fair Housing Act. In its February 6, 1987 Memorandum Opinion and Order, 653 F.Supp. 1330, [hereinafter "Opinion"], the court stated that it was "unable to find cases of discrimination involving the availability of financing which set forth the elements of a cause of action under section 3605." Opinion at 15. In fashioning the necessary elements for a section 3605 violation, the court looked to

and relied upon the lessons from cases brought under alternative sections of the Fair Housing Act. *Id.* at 15–16. Thus, to that extent, plaintiffs' case did present issues of "first impression."

As for whether the controversy was sufficiently based upon a real threat of injury to plaintiffs, the court finds that plaintiffs' complaint properly alleged an adequate injury. The plaintiffs were denied a second mortgage on their home allegedly because they were black. Denial of a second mortgage is sufficient injury for a cause of action under 42 U.S.C. § 3605, and, if done for racial reasons, would also constitute sufficient injury for 42 U.S.C. §§ 1981 and 1982. Thus, plaintiffs' complaint was grounded on sufficient injury.

And finally, the court did not in its Opinion, and does not now, determine that plaintiffs' suit was frivolous. The plaintiffs correctly point out that although this court was critical of plaintiffs' *counsel's* handling of the case at trial, the court expressed no views on the substantive viability of plaintiffs' suit. Specifically, the court found that plaintiffs' case was hampered "by plaintiffs' counsel's apparent lack of preparation and unfamiliarity with the Federal Rules of Evidence." Opinion at 23.

The plaintiffs did prove that the Thomases were black citizens and that they were denied a second mortgage, thus, the critical and dispositive issue at trial was the alleged discriminatory intent of defendants. Plaintiffs did produce evidence that tended to show a bad motive on the part of defendants. Plaintiffs presented the testimony of a second, independent appraiser who disagreed with defendants' appraiser and plaintiff James Thomas testified that defendants' appraiser made statements from which a discriminatory motivation might be inferred. Although the court ruled that plaintiffs' evidence was insufficient to pre-

**1.** Although the issue in *Christianburg* concerned attorney's fees under Title VII of the Civil Rights Act of 1964, the same standards have been held to apply under 42 U.S.C. § 1988. *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *Coates v. Betchel,* 811 F.2d 1045, 1049 n. 3 (7th Cir.1987); *Hermes v. Hein,* 742 F.2d 350, 356 n. 7 (7th Cir.1984); *Green v. TenEyck,* 572 F.2d 1233, 1234 n. 11 (8th Cir. 1978).

vail at trial, it made no determination that their suit was frivolous.[2]

 In deciding whether to award defendants attorney's fees in civil rights cases, a district court must "strike a careful balance between the desire to encourage private litigants with valid claims to bring suit to vindicate civil rights and the need to deter frivolous actions brought primarily to harass the defendant without hope of success." *Coates v. Betchel*, 811 F.2d 1045, 1049 (7th Cir.1987). Thus, in striking that balance, the court now finds that plaintiffs' suit was not "frivolous" for purposes of awarding attorney's fees under *Christianburg*.[3]

## II.

### *Deposition Costs*

In addition to attorney's fees, defendants also ask for award of costs pursuant to 28 U.S.C. § 1920; specifically, defendants seek $819.10 as deposition costs. Federal Rule of Civil Procedure 54(d) provides, in pertinent part, that "costs shall be allowed as of course to the prevailing party unless the district court otherwise directs." Fed. R.Civ.P. 54(d). In discussing a trial court's discretion in awarding costs under Rule 54(d), the Supreme Court has stated:

> We do not read that Rule as giving district judges discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny.... Therefore, the discretion given district judges to tax costs should be sparingly exer-

cised *with reference to expenses not specifically allowed by statute.*

*Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964) (emphasis added).

In the present case, defendants do not rely on the court's limited discretion under Rule 54(d). Defendants' motion makes explicit reference to and quotes from 28 U.S.C. § 1920. Section 1920 provides:

Taxation of costs

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (1986).

With regard to costs specifically allowed by a statute, the Seventh Circuit has held that "Rule 54 creates a presumption that the prevailing party will receive costs and that, to rebut this presumption, the losing

---

**2.** Specifically, the court found the testimony of plaintiffs' own appraiser unpersuasive and lacking in any objective or principled foundation. Opinion at 18–19. And as for the testimony of James Thomas, the court held that it was somewhat incredible and that, even accepting it as true, the most logical inference to draw was that the Thomases' home was overpriced. Opinion at 19–29.

**3.** In addition, the court notes that plaintiffs' case survived a summary judgment motion on July 30, 1986. *Thomas, et al. v. First Federal Savings Bank of Indiana, et al.*, No. 84–716, slip op. (Ham.Div., N.D.Ind., July 30, 1986). In denying

defendants summary judgment on plaintiffs' section 1981 claim this court reasoned that "because material issues of fact remain on the [question of intent], the ultimate issue of the defendants' discriminatory intent remains in dispute and summary judgment is inappropriate." *Id.* at 6. Thus, the court allowed plaintiffs' suit to go on to trial.

Although winning a summary judgment motion is not conclusive proof of the non-frivolous nature of a litigant's case, it is a relevant consideration. *See LeBeau v. Libbey-Owens-Ford Co.*, 799 F.2d 1152, 1157–60 (7th Cir.1986).

party must demonstrate something more than his good faith conduct in the litigation." *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1242 (7th Cir.1985) (citing *Popeil Brothers, Inc. v. Schick Electric, Inc.,* 516 F.2d 772, 775–76 (7th Cir.1975)); *see also Gardner v. Southern Railway Systems,* 675 F.2d 949, 954 (7th Cir.1982).

■ The denial of statutory costs to a prevailing party is viewed as a fine or penalty, *Popeil,* 516 F.2d at 775 (quoting *Chicago Sugar Co. v. American Sugar Refining Co.,* 176 F.2d 1, 11 (7th Cir.1949)), thus, "in general, to overcome the presumption in favor of a grant of costs, the losing party must demonstrate that 'there has been some fault, misconduct, default, or action worthy of penalty on the part of the prevailing side.' " *Hudson,* 758 F.2d at 1242 (quoting *Delta Air Lines v. Colbert,* 692 F.2d 489, 490 (7th Cir.1982)).

■ In response to defendants' motion for deposition costs, plaintiffs have not made any showing of fault or misconduct on the part of defendants; nor have plaintiffs disputed whether the deposition costs here are within the scope of section 1920.[4] Instead, plaintiffs argue that it is inequitable and would chill private actions for the enforcement of federal laws to impose costs against individuals and in favor of large corporations.

This very argument was rejected by the Seventh Circuit in *Hudson.* The *Hudson* court reasoned that "a general rule that disparate wherewithal alone would defeat a claim for costs would upset the dictates of rule 54(d) that costs be allowed 'unless the court otherwise directs.' " *Hudson,* 758 F.2d at 1244. In the present case, the court has made no determination that defendants should not receive the deposition

costs, therefore, the presumption is that defendants are entitled to the costs.

The court is not insensitive to the possible chilling effect an imposition of sanctions might have in this case; quite to the contrary, the court holds that a "chilling" sanction is most appropriate here. In its February 6, 1987 Opinion, wherein defendants were granted their Rule 41(b) involuntary dismissal, the court commented on the plaintiffs' apparent overeagerness in rushing to trial without adequate preparation and their unwillingness to negotiate with defendants before filing suit. The court stated:

> The complaint in this case was originally filed over two years ago, in October of 1984, which means plaintiffs had ample time to adequately prepare for trial. This is especially true because plaintiffs did not spend any time or energy trying to negotiate or otherwise resolve their dispute with First Federal before filing suit. Given the plaintiff Center's stated goal of enhancing the cooperation between the Center and local landlords and financial lending institutions, *Davis v. Mansards,* 597 F.Supp. 334, 348 (N.D. Ind.1984), it would make more sense for the Center to contact a potential defendant at least once in an effort to resolve their dispute before rushing to trial.

Opinion at 23.

Plaintiffs' apparent lack of preparation at trial and their refusal to negotiate with or even contact defendants before trial strongly militates against any disparity of wherewithal that might exist between the parties in this case. Therefore, the court finds that defendants are entitled to their petitioned deposition costs.

---

**4.** The Seventh Circuit has expressly held that "costs related to depositions may fall within section 1920(2)." *Hudson,* 758 F.2d at 1243. Defendants' attorney, Fred M. Cuppy, submitted his own affidavit in compliance with 28 U.S.C. § 1924, wherein he verified that the deposition costs were correct and had been necessarily incurred in the case and, finally, that the services for which the fees were charged were actually and necessarily performed. The fact that some of these depositions were not used at trial does not render the expenses incurred unrecov-

erable. *SCA Services, Inc. v. Lucky Storers,* 599 F.2d 178, 180 (7th Cir.1979); 6 J. Moore, *Moore's Federal Practice* ¶ 54.77[4] at 54–421–23 (2d ed. 1986). Plaintiffs have not argued that defendants' depositions were unnecessary to their defense or otherwise outside the scope of 28 U.S.C. § 1920; in fact, many of the claimed depositions were actually utilized by defendants at trial for purposes of cross-examination and in an earlier motion for summary judgment. J. Moore, *supra,* at 54–421–22.

## CONCLUSION

Based on the foregoing analysis, the court now ORDERS that defendants' Petition for Costs and Attorney's Fees is hereby GRANTED in part and DENIED in part. Defendants are not entitled to an award of attorney's fees; however, defendants are entitled to all reasonable costs under Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, including deposition costs in the amount of $819.10.

