**Susan ULICHNY, Plaintiff–Appellant,**

v.

**MERTON COMMUNITY SCHOOL DISTRICT, Mark Flynn, Timothy F. O'Neill, et al., Defendants–Appellees.**

No. 01–1907.

United States Court of Appeals, Seventh Circuit.

Submitted April 17, 2001.

Decided May 21, 2001.

Before CUDAHY, COFFEY, EVANS, Circuit Judges.

## ORDER

On May 7, 2001, this court affirmed the grant of summary judgment in favor of the defendants. However, after reading the opinion, one must realize that we are convinced that Susan Ulichny's performance as a school principal in the Merton Community School District was more than acceptable. Although the case was a close one, we were bound to uphold the district court's decision.

While this court was debating the merits of Ulichny's appeal, the district judge awarded the defendants approximately $22,000 in costs under Federal Rule of Civil Procedure 54. We review the district court's award of costs for abuse of discretion. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 453 (7th Cir.1998).

We are aware of Rule 54(d)(1), and while it is true that there is a presumption in favor of granting costs to the prevailing party, the granting of such costs is not absolute. Furthermore, it is important to note that the award of costs is equitable in nature. *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 774 (7th Cir.1975) ("Prior to the promulgation of the Federal Rules of Civil Procedure, there was a 'rule of practice established by long usage' that in actions at law the prevailing party was entitled to costs as of right.").

Although "not all torts or contract breaches committed by government entities are constitutional or civil rights violations with redress in federal court," *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 531 (7th Cir.2000), the defendants' actions in this case resulted in an honorable woman losing her position as school principal. We are of the opinion that Ulichny, who has already suffered more than her share, should not be

forced to bear the costs of defending her meritorious (albeit insufficient) suit.

We are of the opinion that the parties should bear their own costs. Therefore, we REVERSE the award of costs in this case and REMAND this case to the district court with INSTRUCTIONS to order the parties to bear their own costs.