NONPRECEDENTIAL
DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 13, 2006
Decided January 8, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1951

| | |
|---|---|
| KARRIS BILAL,<br>　　　*Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 03 C 9253 |
| BP AMERICA, INC. and JAMES DIETZ,<br>　　　*Defendants-Appellees.* | John W. Darrah,<br>*Judge.* |

**ORDER**

BP American, Inc. (BP), dismissed Karris Bilal, an African-American employee, and Bilal turned around and sued the company and his former supervisor, James Dietz, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1981, alleging race discrimination and retaliation. The district court granted summary judgment for the defendants, determining that Bilal failed to make a prima facie case on either claim and also failed to show that BP's stated reason for his dismissal was pretextual. Bilal appeals, but as far as we can tell from his brief, the original retaliation claim is not presented.

In 1998 Bilal began working as a tax attorney at Amoco, which later merged with BP. In 2000 and 2001 several colleagues expressed concerns about Bilal's

competence to his supervisor, Dietz. Dietz eventually put Bilal on probation in May 2001. More than a year later, eight managers collectively decided, after reviewing Bilal's performance and long-term career prospects, that his employment would end on December 31, 2002.

Bilal filed a complaint in federal court alleging that in May 2001 Dietz made racially disparaging remarks. According to Bilal, Dietz told him: "If it was left up to me, I wouldn't hire any of your kind;" "You don't know who you're messing with, boy;" and "If you cause trouble, I will destroy your black ass."

After the parties engaged in discovery, the defendants filed a motion for summary judgment, accompanied by a N.D. Ill. Local Rule 56.1 statement of material facts. Bilal (who was represented by counsel in the district court proceedings) opposed the motion and filed a response, but it did not comply with the requirements of Rule 56.1. He neither admitted nor denied the defendants' facts but instead refuted them by presenting additional facts of his own. He subsequently filed an amended response, but it also did not comply with Rule 56.1. In denying the defendants' facts, he once again improperly proposed his own additional facts rather than presenting them in a separate section.

The district court ignored Bilal's proposed statements and deemed admitted the facts in the defendants' statement. The court determined (along with other findings not challenged on appeal) that Bilal failed to make out a case of race discrimination under the indirect method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), because he could not satisfy the "meeting performance expectations" or "similarly situated" prongs, and he could not show that the proffered reason for his discharge—poor performance—was pretextual. The district court granted summary judgment to the defendants and, as authorized by F.R.C.P. 54(d), awarded $5040.59 in costs. No attorneys' fees were included in this award, which the district court resolved in a four-page order.

It is well settled that a district court may ignore alleged "facts" that fail to comply with the court's summary judgment procedures. And a court may then deem the opposing party's facts admitted. *See* Local Rule 56.1(b)(3)(C); *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Bilal's brief refers in passing to the district court's "misapplication" of rule 56.1, but he does not argue that his proposed statements of fact complied with Rule 56.1, nor does he argue that—his failure to comply with the rule notwithstanding—the district court abused its discretion by ignoring his submissions. Therefore, we review the grant of summary judgment on the record as defined by the defendants' statement of facts.

First, Bilal argues generally that he presented sufficient evidence to make out a case of race discrimination under the indirect method of proof. But in making this argument, he ignores the defendants' proposed facts, which he constructively admitted, and which establish (1) that Bilal's supervisor and several of his colleagues harbored concerns about his knowledge of tax law, (2) that Bilal received at least two unfavorable performance reviews, and (3) that he was on probation for more than a year before he was terminated. Bilal cannot argue in the face of these admissions that he was meeting BP's expectations, nor can he show that their stated reason for firing him—poor performance—was a "deliberate falsehood." *See Forrester v. Rauland-Borg Corp.*, 453 F3d 416, 419 (7th Cir. 2006). Also, Bilal's only support for his argument that he could satisfy the "similarly situated" requirement for discrimination claims consists of facts that are outside the record. As such, we cannot take them into account. *See Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 810 (7th Cir. 2005).

Bilal also contests, in a one-sentence argument, the district court's order requiring him to pay statutory costs pursuant to F.R.C.P. 54(d). He argues that awarding costs to BP is unfair because BP "gross[es] more than 16 billion dollars a year," but it would have been an abuse of discretion for the district court to deny costs to the defendants based solely on the relative wealth of the parties. *See Mother and Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003) (holding that under Rule 54(d), costs *must* be awarded to a prevailing party unless that party engaged in misconduct or the losing party is indigent). Bilal also argues that requiring employees to pay employers' costs will deter Title VII litigation, but our longstanding rule is that "Title VII carved out no blanket exception from Rule 54(d)." *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982).

Although we construe their filings liberally, pro se litigants still must comply with Fed. R. App. P. 28(a)(9) which requires that an appellant's brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). The remainder of Bilal's arguments—that granting summary judgment to the defendants violated the constitution and conflicted with some sort of "clear congressional right" created by Title VII, and that he presented sufficient evidence to make out a race discrimination case under the direct method—are forfeited because they are undeveloped, unsupported by legal authority, and are not responsive to the district court's analysis.

We therefore affirm the district court's decision.