POPEIL BROTHERS, INC., Plaintiff,

v.

SCHICK ELECTRIC, INC., et al.,
Defendants.

Nos. 70 C 295, 71 C 591 and 71 C 979.

United States District Court,
N. D. Illinois, E. D.

Oct. 24, 1974.

Dugald S. McDougall, Theodore R. Scott, and Melvin M. Goldenberg, Chicago, Ill., for plaintiff.

Edward W. Osann, Jr., Wolfe, Hubbard, Leydig, Voit & Osann, Chicago, Ill., for defendant in 71 C 591.

John D. Dewey, Lockwood, Dewey, Zickert & Alex, Chicago, Ill., for defendant in 70 C 295.

Walther E. Wyss, Mason, Kolehmanien, Rathburn & Wyss, Chicago, Ill., for defendant in 71 C 979.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes before the Court on motions by both sides as to the award of court costs, attorneys' fees and litigation expenses. On November 14, 1972 this Court dismissed the complaints in civil actions 70 C 295, 71 C 591, 71 C 979 and 71 C 1352 and made no award of costs, expenses, or attorneys' fees, even though each of the defendants prayed for such an award in their answers to the complaints against them.

Following the entry of the judgment order the plaintiff appealed. On March 21, 1974 the judgment order of this Court dismissing the complaint was af-

firmed and a petition for rehearing was denied. Subsequently defendants filed a motion to recover costs and attorneys' fees. Plaintiff also filed a motion to set aside the taxing of costs by the Clerk of the Court under Rule 45.

■ The parties have submitted briefs to the Court on the issue of whether or not the Court still has jurisdiction to make an award since the case has been finally resolved by the Court of Appeals. It is the Court's opinion that it does have the requisite jurisdiction to make such an award (see Sprague v. Ticonic National Bank, 307 U.S. 161, 168, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939); Fleischer v. A. A. P. Inc., 36 F.R.D. 31, 33 (S.D.N.Y.1964); American Infra-Red Radiant Co. v. Lambert Industries, Inc., 41 F.R.D. 161, 163 (Minn.1966).

■ However, the Court did not find it appropriate to make such an award at the time it issued its judgment on the merits of the case. The matter of costs, expenses, and attorneys' fees is primarily the concern of the trial court and rests with the discretion of the court. Pursche v. Atlas Scraper & Engineering Co., 300 F.2d 467, cert. denied, 371 U.S. 911, 83 S.Ct. 251, 9 L.Ed. 170 (1961); Jacquard Knitting Mach. Co. v. Ordnance Gauge Co., 213 F.2d 503 (3rd Cir. 1954); Marcus v. National Life Ins. Co., 422 F.2d 626 (7th Cir. 1970). Although the federal district courts have inherent power to award counsel fees such power is exercised sparingly. Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163 (7th Cir. 1968), cert. denied, 89 S.Ct. 1750, 395 U.S. 908, 23 L.Ed. 221. This lawsuit was not based on a totally frivolous claim. There was no evidence of an attempt to harass or willfully interrupt defendants' business by an abuse of legal process.

Accordingly plaintiff's motion to set aside the taxing of costs by the Clerk of the Court is granted; and, defendants' motion for the award of costs, expenses and attorneys' fees is hereby denied.