**CONGREGATION OF THE PASSION, HOLY CROSS PROVINCE, an Illinois not-for-profit corporation, Plaintiff–Counterdefendant–Appellant,**

v.

**TOUCHE, ROSS & CO., Defendant–Counterplaintiff–Appellee.**

**No. 87–1815.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1987.

Decided Aug. 5, 1988.

Thomas P. Ward, Thomas P. Ward, Ltd., Chicago, Ill., for plaintiff-counterdefendant-appellant.

Michael A. Forti, Bell Boyd & Lloyd, Chicago, Ill., for defendant-counterplaintiff-appellee.

Before CUMMINGS, WOOD, Jr., and MANION, Circuit Judges.

MANION, Circuit Judge.

This appeal involves the application of a district court's local rule governing the time in which a prevailing party in a lawsuit may file a bill of costs. The Congregation of the Passion (the Congregation) sued various defendants, including Touche, Ross & Co. (Touche Ross), alleging securities fraud. The Congregation also brought several pendent state law claims against Touche Ross. In September, 1984, the district court entered summary judgment for Touche Ross on the securities claims and dismissed the pendent state claims pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). On July 25, 1985, the district court entered a final judgment for Touche Ross. 1985 WL 2124. That judgment did not mention costs. However, there was no question that Touche Ross was a prevailing party; the district court's decision and judgment granted all the relief that Touche Ross had asked for, and completely disposed of the case against Touche Ross in federal court. *Cf. Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1242 (7th Cir.1985).

The Congregation appealed the summary judgment for Touche Ross. This court affirmed. *Congregation of the Passion v. Kidder Peabody*, 800 F.2d 177 (7th Cir. 1986). On November 6, 1986, almost sixteen months after the district court's final judgment, Touche Ross filed a motion for costs with the district court.

Rule 45(a) of the Local Rules of the Northern District of Illinois provides:

Within thirty (30) days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party. If the bill of costs is not filed within the thirty days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. § 1920, shall be deemed waived. The court may, on motion filed within the time provided for the filing of the bill of costs, extend the time for filing the bill.

The Congregation objected to Touche Ross's motion for costs, contending that under Local Rule 45(a) Touche Ross had waived costs by not filing a timely bill of costs. The district judge rejected the Congregation's argument and awarded costs, holding that the judgment for Touche Ross did not mention costs and Local Rule 45(a)'s thirty-day time limit did not bar

Touche Ross's motion for costs. *Congregation of the Passion v. Kidder Peabody & Co.*, No. 81 C 3159 (N.D.Ill. April 13, 1987) (located in Westlaw at 1987 WL 9591). The Congregation appealed.

Touche Ross contends that our decision in *Popeil Bros., Inc. v. Schick Electric, Inc.*, 516 F.2d 772 (7th Cir.1975), dictates the district court's conclusion. We think not. In *Popeil Bros.*, the district court entered judgment for the defendants dismissing the plaintiff's complaint. The judgment did not mention costs. On appeal, this court affirmed the district court's judgment. After the appeal, the district court clerk taxed costs against the plaintiff. 516 F.2d at 773. Upon plaintiff's motion, the district court set aside the taxed costs because the plaintiff's suit was not "totally frivolous," and was not "an attempt to harass or willfully interrupt defendants' business...." *Id.* at 776; *see also Popeil Bros., Inc. v. Schick Electric, Inc.*, 65 F.R.D. 127, 128 (N.D.Ill.1974).

This court held that the district court abused its discretion in setting aside costs. We held that "[t]he mere fact that the unsuccessful party was an ordinary party acting in good faith and neither harassing its opponent nor abusing legal process is not sufficient to overcome the presumption that the prevailing party is entitled to costs." 516 F.2d at 776. (Footnote omitted.) We also stated that "[b]ills of costs are usually presented after appeals" and that the fact that the original judgment did not mention costs did not "depriv[e] the prevailing party of its presumption that costs would be included in the final judgment upon the mandate after appeal." *Id.* at 777.

Despite Touche Ross's contrary claims, *Popeil Bros.* did not involve Local Rule 45(a). This court's opinion in *Popeil Bros.* does not mention the rule, or give any indication that this court was interpreting the rule. The district court's opinion does mention Local Rule 45, 65 F.R.D. at 128, but nothing in that opinion indicates that the timeliness of defendants' bill of costs under the rule was in issue. Besides, the district court entered its original judgment in 1972; the Northern District of Illinois did not adopt Local Rule 45(a) until August, 1973 and the rule did not become effective until September 1, 1973. This further indicates that the timeliness of filing under the rule was obviously not an issue in *Popeil Bros.*

■ Regarding timeliness of a bill of costs, *Popeil Bros.* stands only for the proposition that where no local rule sets a time limit for filing a bill of costs, Rule 54(d)—which does not include any specific time limit—allows a prevailing party to wait until after appeal to file its bill. Since *Popeil Bros.* did not interpret Local Rule 45(a), that interpretation is still an open question.

■ Local Rule 45(a)'s thirty-day limit begins to run when the district court enters a "judgment allowing costs." Therefore, the question we must answer is whether a judgment silent about costs is a "judgment allowing costs" where no doubt exists about who is the prevailing party. The district court thought that only a judgment *expressly* awarding costs is a judgment allowing costs. We respectfully disagree.

Federal Rule of Civil Procedure 54(d) provides that "costs shall be allowed as of course to the prevailing party, unless the district court otherwise directs." A natural reading of Rule 54(d) would lead one to conclude that a judgment silent about costs is a judgment allowing costs because the district court has not "otherwise directed." *Cf. Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544–45 (5th Cir.1983) (en banc) (holding that interest on costs runs from the date of the original judgment and that where a judgment is silent about costs, the judgment is one allowing costs by implication from Rule 54(d)).

■ This reading of Rule 54(d) would seem to end the matter. Touche Ross, however, correctly argues that we have consistently held that Rule 54(d) creates a *presumption* that the prevailing party will recover costs, and that the ultimate decision to award costs is within the district court's discretion. *See, e.g., Popeil Bros.*, 516 F.2d at 774–75 (7th Cir.1975); *Delta*

*Airlines, Inc. v. Colbert,* 692 F.2d 489, 490 (7th Cir.1982); *Gardner v. Southern Railway Systems,* 675 F.2d 949, 954 (7th Cir. 1982). But we must be careful when we speak of a presumption and discretion in the matter of costs. The presumption is difficult to overcome, and the district court's discretion is narrowly confined. Rule 54(d) establishes a " 'principle of preference;' " the district court must award costs unless it states good reasons for denying them. *See Coyne–Delany, Inc. v. Capital Development Board,* 717 F.2d 385, 392 (7th Cir.1983) (quoting Friendly, *Indiscretion About Discretion,* 31 Emory L.J. 747, 768 (1982)). Generally, only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings), or the losing party's inability to pay will suffice to justify denying costs. *E.g., Muslin v. Frelinghuysen Livestock Managers,* 777 F.2d 1230, 1236 (7th Cir. 1985); *Badillo v. Central Steel & Wire Co.,* 717 F.2d 1160, 1165 (7th Cir.1983); *Colbert,* 692 F.2d at 490; *Popeil Bros.,* 516 F.2d at 775.

Even though we speak of Rule 54(d) as creating a "presumption" with the ultimate decision on costs being within the district court's "discretion," the presumption is sufficiently strong, and the district court's discretion sufficiently limited, so as to not affect the conclusion that a judgment silent about costs is one "allowing costs." The judgment may not award a sum certain, and the district court may ultimately set aside all (or some) costs. But unless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them, "as of course." Local Rule 45(a) requires that the prevailing party begin the process of finally settling costs by filing a bill of costs within thirty days after he receives a judgment. If the loser objects, the district court will then have an opportunity to exercise its discretion to determine if, or how much of, the taxed costs are proper.

This interpretation of Local Rule 45(a) and its interaction with Rule 54(d) is consistent with the normal process Rule 54(d) establishes for taxing costs. Rule 54(d) allows the clerk to tax costs on one day's notice. Any party dissatisfied with the clerk's action may then move the court within five days to review that action. By allowing the clerk to tax costs and the court to then review that taxation, Rule 54(a) establishes a procedure permitting taxing of costs without involving the district court judge, while still allowing the judge to exercise his discretion if either party complains. *See* 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2679, at 395 (2d Ed.1983) ("The function of the court in the process of taxing costs is merely to review the determination of the clerk"); 6 J. Moore, W. Taggart, & J. Wicker, *Moore's Federal Practice* ¶ 54.77[9], at 54–486 (2d Ed.1988) ("The taxing of routine costs can and should ordinarily be settled by the clerk, without bothering the court by a subsequent motion for review."). The district judge's and Touche Ross's interpretation of Local Rule 45(a) would ensure that any time a judgment does not specifically mention costs (which is no doubt often), the prevailing party will have to return to the judge for a "judgment allowing costs."

Local Rule 45(a) is designed to provide a definite time limit for taxing and assessing costs, and to ensure that cases do not remain open for indeterminate periods awaiting a decision on costs. Our interpretation of Local Rule 45(a) ensures that the district court will promptly settle questions about costs. And by ensuring that the district court promptly settles questions about costs, Local Rule 45(a) also ensures that the court of appeals will be able to consolidate an appeal from the cost determination with any appeal on the merits and decide both questions at once. On the other hand, the district judge's and Touche Ross's reading of Local Rule 45(a) places no definite time limit on filing a bill of costs after obtaining a judgment that is silent about costs. This reading also creates a dichotomy: a prevailing party obtaining a judgment that expressly allows costs must file a bill of costs within thirty days of that judgment, while a prevailing party obtain-

ing a judgment silent about costs faces no definite time limit in filing a bill of costs. We doubt that the rule's drafters intended to create such a pointless inconsistency. The defendants' reading conflicts with the purposes of repose and finality that time limits inherently serve. It is also at odds with the purpose of Fed.R.Civ.P. 1 that the federal rules, with which local rules must be consistent under Fed.R.Civ.P. 83, "be construed to secure the just, *speedy,* and inexpensive determination of every action." (Emphasis added.)

■ One final point merits comment. Normally district courts have considerable discretion in interpreting and applying their own local rules. *See Fargo–Biltmore Motor Hotel Corp. v. Best Western Int'l Corp.,* 742 F.2d 459, 465 (8th Cir.1984); *Smith v. Ford Motor Co.,* 626 F.2d 784, 796 (10th Cir.1980). "But the words of a rule are intended to communicate a meaning to those to whom they are addressed, rather than to carry some gloss, hidden in the minds of the judges who drafted it." 12 C. Wright, A. Miller, *Federal Practice and Procedure* § 3153, at 225 (1973). Therefore, we may reverse a district court's construction of its own rule when we are convinced that the district court has misconstrued the rule. *Id.; see also Smith,* 626 F.2d at 796. The purposes Local Rule 45(a) serves along with the interaction between Fed.R.Civ.P. 54(d) and Local Rule 45(a) convince us that the district judge misconstrued the rule in this case, and that we are not unduly intruding upon the district judge's prerogatives in so holding. Therefore, we reverse the district court's judgment awarding costs to Touche Ross.

REVERSED.