**Ralph MAJESKI, Joseph Yach, Janice Waisman, Larry R. Peterson, Thomas Weil, Lee Aldridge, Randy Karpinsky, Kenneth Kulas, Robb S. Elliott and Raymond Harding, Plaintiffs,**

**v.**

**BALCOR ENTERTAINMENT COMPANY LTD., an Illinois corporation; Shearson Lehman Hutton, Inc., f/k/a Shearson Lehman Brothers, Inc., and f/k/a Shearson Lehman/American Express, Inc., a Delaware corporation; the Bal-**

cor Company, an Illinois corporation; Balcor/American Express Inc., an Illinois corporation; Balcor Securities Company, an Illinois corporation, The American Express Company, a New York corporation; New World Pictures, Ltd., a California corporation, and Balcor Film Investors, an Illinois Limited Partnership, Defendants.

**Robert ECKSTEIN and Sylvia Eckstein, on Behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**BALCOR FILM INVESTORS, Balcor Entertainment Company, the Balcor Company, the Balcor Securities Company, Jerry M. Reinsdorf, Robert A. Judelson, James E. Finley, Gregory S. Junkin, Barry R. Jackson, Joseph A. Kruszynski, New World Entertainment, Ltd., Lawrence L. Kuppin, Robert Rehme, and Harry E. Sloan, Defendants.**

Civ. A. Nos. 88–C–1079 and 89–C–1315.

United States District Court,
E.D. Wisconsin.

Nov. 5, 1992.

Michael S. Glassman, Clemens, Glassman & Clemens, Los Angeles, Cal., Robin F. Zwerling, Zwerling, Schachter & Zwerling, Jules Brody, Stull, Stull & Brody, New York City, for Ecksteins.

Steven L. Bashwiner, Mary Ellen Hennessy, Katten Muchin & Zavis, Chicago, Ill., Ross Anderson, Milwaukee, Wis., Robert J. Walner, Gen. Counsel, The Balcor Co., Skokie, Ill., for Balcor.

Cassandra S. Franklin, Hufstedler, Kaus & Ettinger, Los Angeles, Cal., for New World.

John A. Lawrence, Richman, Lawrence & Mann, Beverly Hills, Cal., for Kuppin, Rheme, & Sloan.

George P. Kersten, Kersten & McKinnon, Jerry H. Friedland, Galanis & Friedland, S.C., Milwaukee, Wis., for Majeski.

H. Nicholas Berberian, Neal Gerber & Eisenberg, Chicago, Ill., Terry E. Mitchell, Mitchell, Baxter & Zieger, S.C., Milwaukee, Wis., for American Express and Shearson Lehman.

## REVIEW OF CLERK'S DENIAL OF BILLS OF COSTS

REYNOLDS, Senior District Judge.

Presently before this court is the October 28, 1992 motion filed by all defendants for review of the denial of their Bills of Costs by this district court's chief deputy clerk. This court agrees with the clerk's decision.

On March 11, 1992, judgment was entered in both Civil Action Numbers 88–C–1079 and 88–C–1315, which had been consolidated for pretrial and trial purposes, in favor of defendants. 786 F.Supp. 1458. The Balcor defendants filed their Bill of Costs for $91,696.18 on June 15; defendants The American Express Company and Shearson Lehman Brothers, Inc. filed their Bill of Costs for $40,717.72 on June 15; defendants Kuppin, Rheme and Sloan filed their Bill of Costs for $10,261.48 on June 15; and defendants New World Entertainment, Inc. and New World Pictures, Ltd. filed their Bill of Costs for $17,802.37 on June 17. On October 23, 1992, the chief deputy clerk taxed costs for all defendants in the amount of $0.

Local Rule 9.01 (E.D.Wis.) provides in part:

The party in whose favor a judgment for costs is awarded or allowed by law

and who claims his costs shall, after the judgment has been entered, serve on the attorney for the adverse parties and file with the clerk his bill of costs. The clerk's office has forms available for this process or the party may use his own forms. *Such service and filing shall be made not later than fifteen (15) days after entry of the judgment.* If a timely motion for a new trial or amendment of judgment has been made pursuant to Fed.R.Civ.P. 59, time for filing the bill of costs shall commence to run from the entry of the order granting or denying such motion. The parties, by filing a stipulation with the clerk's office, may delay the filing of the bill of costs and taxing until after decision by the Court of Appeals or Supreme Court when an appeal is taken. Absent such a filed stipulation or a court order, the appeal shall not delay the taxing of costs.

(emphasis added). Defendants did not file their Bills of Costs within the fifteen-day time period as required by Local Rule 9.01; in fact, they were not even close to meeting this deadline. None of the events discussed in Local Rule 9.01 which toll the fifteen-day time period occurred. This court finds that the chief deputy clerk properly declined to tax any costs against plaintiffs. *See Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219 (7th Cir.1988).