**Linda GOSNELL, Plaintiff,**

v.

**RENTOKIL, INC., Defendant.**

**No. 96 C 7016.**

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 22, 1997.

---

**17.** *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

Anthony DiVincenzo, Schoenfield, Swartzman & Massin, Chicago, IL, for Plaintiff.

Bruce S. Terlep, Swanson, Martin & Bell, Wheaton, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

After defendant Rentokil, Inc. ("Rentokil") had filed a June 24, 1997 motion for summary judgment with supporting documentation, counsel for plaintiff Linda Gosnell ("Gosnell") tendered a motion for voluntary dismissal of this action pursuant to Fed. R.Civ.P. ("Rule") 41(a)(2). On July 22 this Court granted that motion, simultaneously denying Rentokil's Rule 56 summary judgment motion as moot. Then on the July 28 date that Gosnell had originally scheduled as the presentment date of her motion for vol-

untary dismissal, this Court amended the earlier order to confirm that the dismissal order was *with* prejudice. On July 28 a final judgment was entered to that effect pursuant to Rule 58, and the judgment was docketed on July 29.

Just under 30 days later (on August 27) Rentokil filed two motions—one of them seeking the taxation of costs against Gosnell pursuant to 28 U.S.C. § 1920 ("Section 1920") and this District Court's General Rule ("GR") 45, and the other labeled "Defendant's Petition for Attorney's Fees Pursuant to Rule 11 of the Federal Rules of Civil Procedure." On the September 5 presentment date that Rentokil had scheduled for both those motions, this Court ordered that written submissions be tendered on or before September 15:

    1.  by Gosnell as to the motion for taxation of costs and

    2.  by Rentokil as to the Rule 11 motion (which on its face appeared defective for noncompliance with that Rule).

Gosnell's counsel has submitted a timely response regarding costs, but Rentokil's counsel has delivered nothing further as to Rule 11 fees.

■ As for Rentokil's Rule 11 motion seeking attorney's fees (Dkt. 18), it shows a total absence of compliance by Rentokil with the precondition imposed by one of the December 1993 amendments to that Rule (Rule 11(c)(1)(A)), which requires prior service on the assertedly offending party to give that party an opportunity to withdraw or correct the challenged document or documented. Instead Rentokil has simply cited to and quoted the standards that are imposed by Rule 11(b), without having demonstrated its entitlement to invoke those standards. Its motion is therefore denied.

■ As for Rentokil's motion for taxation of costs (Dkt. 17), Gosnell contends that the motion is out of time. Both the July 22 dismissal order and the July 28 amendment were silent as to the imposition of costs (all that Rentokil had raised after entry of the July 22 order was the question whether Gosnell's voluntary dismissal was to be with or without prejudice), and the judgment order

was therefore equally silent on the subject. That, says Gosnell, renders Rentokil's motion untimely because it assertedly seeks to alter or amend the judgment, and as such it has not conformed to the very short timetable provided by Rule 59(e) for such motions.

But that contention ignores the provision of Rule 54(d)(1) under which "costs other than attorneys, fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Under Seventh Circuit law "a judgment silent about costs is a 'judgment allowing costs' where no doubt exists about who is the prevailing party" (*Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221–22 (7th Cir.1988)). For that purpose a party such as Rentokil, whose opponent voluntarily abandoned her claim in the face of a pending motion for summary judgment, must be considered a "prevailing party"—see the thoughtful (and unanimous) en banc opinion in *Cantrell v. IBEW AFL–CIO, Local 2021*, 69 F.3d 456 (10th Cir.1995) and the other cases cited in that opinion. And all of the citations that have been adduced by Gosnell's counsel in attempted support of the opposite proposition are particularly troubling:

1. Gosnell's counsel seeks to rely on a 1974 Tenth Circuit opinion—but that opinion was *expressly* overruled by *Cantrell*, 69 F.3d at 456:

> We overrule *Mobile Power* and hold that a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice.[1]

2. Gosnell's counsel also cites to an opinion from our Court of Appeals (*Cauley v. Wilson*, 754 F.2d 769 (7th Cir.1985))—but that decision dealt *not* with taxable costs but rather with the entirely different subject of an award of *attorney's fees* following a voluntary dismissal (such an award is a permitted but not required condition of such dismissals under Rule 41(a)(2)).[2]

That being the case, no Rule 59(e) motion was needed to obtain an award of costs that was already implicitly to "be allowed as of course" to Rentokil under Rule 54(d)(1). And so no argument can be advanced that Rentokil's motion for costs was out of time for failure to meet that Rule's short schedule.

There is another timetable that *is* applicable to Rentokil's request for an award of costs—in this case the one that has been established by GR 45(A) (see *Congregation of the Passion*, 854 F.2d at 222–23). Under that provision the "prevailing party" (in this instance Rentokil) is required to "file a bill of costs with the Clerk and serve a copy of the bill on each adverse party" within 30 days after the entry of judgment—which in this instance meant by August 28. And by that date Rentokil's counsel had indeed filed its motion for costs and supporting papers, simultaneously serving a copy on Gosnell's counsel by mail (that constituted sufficient service under Rule 5(b)).

In sum, Rentokil's motion for the *award* of costs was timely filed, and Gosnell has not identified any substantive problem with the items claimed. Accordingly Gosnell is ordered to pay the sum of $966.90 to Rentokil, representing the court reporters' fees taxable pursuant to Section 1920(2), on or before October 2, 1997.

---

**1.** [Footnote by this Court] It is really inexcusable for any lawyer to fail, as a matter of routine, to Shepardize all cited cases (a process that has been made much simpler today than it was in the past, given the facility for doing so under Westlaw or LEXIS). Shepardization would of course have revealed that the "precedent" no longer qualified as such.

**2.** Similarly, the only potential award that was substantively discussed in the only other case cited by Gosnell's counsel, *Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271 (M.D.Fla.1994), was one for attorney's fees—not for costs.