NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 9, 2013[*]
Decided December 10, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-1062

| | |
|---|---|
| ALFRED F. COTE, | Appeal from the United States District |
|    *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
|    *v.* | No. 09-C-1060 |
| | |
| SARAH STUECKER and | |
| DANNY LEEZER, | Michael M. Mihm, |
|    *Defendants-Appellees.* | *Judge.* |

**O R D E R**

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

State and local police officers arrested Fred Cote and his wife at their home in Hancock County, Illinois. The Cotes later sued two of the arresting officers, Danny Leezer and Sarah Stuecker, claiming violations of the Constitution and state law during their arrests. (The Cotes brought related claims against a number of other defendants, but none of those claims or defendants is relevant to this appeal.) A jury found in favor of Leezer and Stuecker, and neither Fred Cote nor his wife filed a timely appeal on the merits. Fred Cote has appealed from the order awarding costs to Leezer and Stuecker, which we affirm.

Much of Cote's appeal centers on the Chapter 7 bankruptcy petition he and his wife filed shortly before trial. The Cotes identified their claims against Leezer and Stuecker as assets of the bankruptcy estate, but the defendants and the district court were not aware of the Chapter 7 case until after trial. The district court entered its final judgment on July 31, 2012, and the next day Leezer filed a bill of costs. Only then did Fred Cote disclose the pending bankruptcy case to Leezer's attorney, who notified the district court and asked that action on Leezer's bill of costs be stayed. The court put aside the matter of costs for both defendants until October 30, 2012. By then the Chapter 7 trustee had abandoned the Cotes' claims against the two defendants and certified that the bankruptcy estate had been fully administered. With the bankruptcy case now closed, the district court entered an amended judgment on November 1, 2012, that includes an award of $2,661 in costs for Leezer and $3,770 for Stuecker. The court noted that the Cotes had not submitted proof of their asserted indigence and thus rejected their contention that financial problems should excuse them from paying. The court also rejected the plaintiffs' contention that Leezer had engaged in discovery misconduct that warranted withholding his costs. And, finally, the court concluded that the bankruptcy case did not present a legal impediment to awarding costs. Only then did Fred Cote file his notice of appeal.

Cote's brief largely challenges his loss on the merits at trial, but before briefing we issued an order alerting him that this appeal is limited to questions concerning the award of costs under Federal Rule of Civil Procedure 54(d). We thus disregard his brief to the extent that it fails to comply with our order. Our review is limited to the award of costs, which we will uphold absent an abuse of discretion. *See U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009).

About the award of costs, Cote first argues that the district court should have accepted his claim of indigence. Rule 54(d) comes with a strong presumption in favor of awarding costs to the prevailing party. *U.S. Neurosurgical*, 572 F.3d at 333. District courts

have discretion to deny costs if the losing party is unable to pay, *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003), but a litigant asserting indigence must furnish proof of his inability to pay, *Corder v. Lucent Technologies Inc.*, 162 F.3d 924, 929 (7th Cir. 1998); *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). In objecting to the defendants' bills of costs, Cote asserted indigence but presented no proof whatsoever. In fact, the only evidence of his financial condition was the application to proceed in forma pauperis that the plaintiffs had filed at the start of the case; the district court had denied their application after concluding that the Cotes were *not* indigent. The district court was not given contrary evidence before costs were assessed, and thus the court could not have abused its discretion by enforcing the presumption in favor of costs.

Cote next argues that costs should have been withheld from Leezer because, according to Cote, Leezer engaged in "misconduct" by not providing him a legible copy of a police training manual in use at the time the Cotes were arrested. This contention is frivolous. We have recognized that a winning party might be denied costs for engaging in misconduct worthy of a penalty, such as prolonging the proceedings to run up litigation expenses. *See Weeks v. Samsung Heavy Indus., Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). What Cote characterizes as misconduct amounts to a quibble about the quality of the copy originally provided to him; after Cote complained, Leezer obtained and tendered a better copy of the police manual. That was the end of the matter. Moreover, to the extent that Cote makes new allegations of misconduct for the first time on appeal, he waived reliance on those allegations by not presenting them to the district judge. *See King v. Ill. State Bd. of Elections*, 410 F.3d 404, 424 (7th Cir. 2005).

Last, Cote makes two arguments stemming from the bankruptcy. He first argues that the costs constitute a pre-petition debt which was wiped away by his discharge in bankruptcy. Even if costs are subject to discharge, *cf. Bethea v. Robert J. Adams & Assoc.*, 352 F.3d 1125, 1127 (7th Cir. 2003) (explaining that pre-petition debts for legal fees are subject to discharge), Cote did not incur the liability until Leezer and Stuecker had gained the legal right to payment—at the very earliest in July 2012 when the jury returned a verdict in the defendants' favor. *See* 11 U.S.C. § 101(5); *Johnson v. Home State Bank,* 501 U.S. 78, 83 (1991) (defining "claim" to be an enforceable obligation); *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 627 (7th Cir. 2000) (explaining that attorneys' fees is issue for resolution after verdict); *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000) (defining "claim" as legal right to payment arising only after a debt-generating event, e.g., commission of a tort). The verdict came months after the Cotes

filed for bankruptcy, and their discharge erased only pre-petition liabilities. *See* 11 U.S.C. § 727(b); *In re Smith*, 582 F.3d 767, 771 (7th Cir. 2009); *Matter of Birkenstock*, 87 F.3d 947, 950 (7th Cir. 1996).

Cote further contends that he should be liable only for costs incurred after the bankruptcy court issued the discharge. Before then, Cote says, his claims against Leezer and Stuecker were part of the bankruptcy estate and in the hands of the trustee. But when the trustee abandoned those claims, they reverted to the Cotes, whom we treat as having owned them all along. *See Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 617 (7th Cir. 2002); *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 791 (D.C. Cir. 2010); *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008). So any argument Cote makes that rests on the assumption that the trustee, and not he, owns any part of the lawsuit, is without merit.

AFFIRMED.