**EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff–Appellee,**

v.

**CONSOLIDATED SERVICE SYSTEMS,
Defendant–Appellant.**

No. 94–1135.

United States Court of Appeals,
Seventh Circuit.

Submitted April 20, 1994.

Decided June 29, 1994.

John P. Rowe (submitted), Zachary Alan Tobin, E.E.O.C., Chicago, IL, Gwendolyn Young Reams, Carolyn L. Wheeler, James R. Neely, Jr., Susan Starr, E.E.O.C., Office of Gen. Counsel, Washington, DC, for plaintiff-appellee.

Marvin F. Metge, Bruce C. Spitzer, Gorham, Metge, Bowman & Hourigan, LeGrand L. Malany, Cary K. Kabumoto, Kabumoto & Malany, Chicago, IL, for defendant-appellant.

Before POSNER, Chief Judge, and BAUER and ESCHBACH, Circuit Judges.

POSNER, Chief Judge.

 The Equal Employment Opportunity Commission brought suit under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, against a small janitorial service in Chicago, charging that it had discriminated on grounds of national origin by using a word-of-mouth method of hiring workers that had the practical effect of discriminating against potential employees who were not of Korean origin. After we affirmed the judgment of the district court in favor of the defendant, 989 F.2d 233 (7th Cir.1993), the defendant asked the district court to award it attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). The district court refused, 839 F.Supp. 1285, on the ground that the attorney's fee provision in Title VII (§ 706(k), 42 U.S.C. § 2000e–5(k)) is exclusive. Under that provision, even when as here the government is the plaintiff, the defendant can recover his attorney's fees only if the suit was frivolous, *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), which we had held this one was not, although it may not have been "substantially justified," the standard under the Equal Access to Justice Act.

We think the district court's ruling was correct; the Equal Access to Justice Act does not apply to suits under Title VII. *EEOC v. Kimbrough Investment Co.,* 703 F.2d 98, 103 (5th Cir.1983); *Huey v. Sullivan,* 971 F.2d 1362, 1366–67 (8th Cir.1992); cf. *Escobar Ruiz v. INS,* 838 F.2d 1020, 1027–28 (9th Cir.1988) (en banc); *Wolverton v. Heckler,* 726 F.2d 580, 582 (9th Cir.1984); *Gavette v. Office of Personnel Management,* 808 F.2d 1456, 1463–65 (Fed.Cir.1986) (en banc). In authorizing the award of attorney's fees against the United States when its position is not substantially justified, the Equal Access to Justice Act carves out an exception for cases in which another statute specifically provides otherwise. 28 U.S.C. § 2412(d)(1)(A). Title VII's provision regarding attorney's fees specifically provides for an award of fees against the EEOC or the United States, and the standard is not substantial justification; it is that "the Commission and the United States shall be liable for costs [including attorney's fees] the same as a private person," 42 U.S.C. § 2000e–5(k), which means, the Supreme Court held in *Christiansburg,* only if the suit is frivolous.

To make assurance doubly sure, the Equal Access to Justice Act provides (with an immaterial exception) that nothing in it "alters ... any other provision of Federal law" that authorizes an award of attorney's fees to a prevailing party in a suit by or against the United States. § 206, P.L. 96–481, 94 Stat. 2330 (1980), as amended by P.L. 99–80, § 3, 99 Stat. 186 (1985), 28 U.S.C. § 2412 note. Section 706(k) is such a provision, and would be altered if the substantial-justification standard were to be applied in a case to which the provision applied. It is true that section 706(k) does not mention and hence does not negate the substantial-justification standard, but the meaning of a statutory provision includes any authoritative gloss placed on its words. After *Christiansburg,* the section means that fees can be awarded against the government under it only if the government's suit was frivolous, *Christiansburg Garment Co. v. EEOC, supra,* 434 U.S. at 422–23 n. 20, 98 S.Ct. at 701 n. 20, and the meaning would be altered were the standard substantial justification.

Of course it is a fair question whether the government *needs* the protection of a standard so friendly to plaintiffs as that adopted in *Christiansburg.* We doubt it. But the Court crossed that bridge, impressing a meaning on the attorney's fee provision of Title VII that we are not free to rescind in the name of the Equal Access to Justice Act, in which Congress made as clear as it could that the Act was inapplicable to cases in which a statute regulating awards of attorney's fees against the government was already in place.

Affirmed.