**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**NORTHWEST STRUCTURAL COMPONENTS, INC., Defendant.**

No. 6:91CV00052.

United States District Court, M.D. North Carolina, Winston–Salem Division.

Feb. 13, 1995.

Ronald J. Arrington, Equal Employment Opportunity Commission, Charlotte District Office, Charlotte, NC, for plaintiff.

David C. Pishko, Elliot, Pishko, Gelbin & Morgan, P.A., Winston–Salem, NC, Gordon W. Jenkins, Wells, Jenkins, Lucas & Jenkins, Winston–Salem, NC, Robert M. Elliot, Elliot, Pishko, Gelbin & Morgan, P.A., Winston–Salem, NC, for defendant.

## MEMORANDUM OPINION

OSTEEN, District Judge.

After no liability was found on the claim of gender discrimination asserted against it, Defendant Northwest Structural Components, Inc. ("NSC") has applied to the court for an award of attorney fees and costs incurred in this action. For the reasons stated herein, NSC's Application for Award of Fees and Other Expenses and Amended Application for Award of Fees and Other Expenses will be denied.

## I. BACKGROUND

NSC is a company which builds and sells roof trusses and other products for houses and structures. Elizabeth Rhodes was hired as a truck driver by NSC in November 1987, and voluntarily terminated her employment with NSC in September 1988, to take a higher paying position elsewhere.

Several months later, Rhodes decided that she wanted to again work for NSC. Between November 1988 and March 1989, she made several inquiries with NSC about being rehired. NSC refused to rehire her.

On February 1, 1991, the Equal Employment Opportunity Commission ("EEOC") filed this action against NSC, alleging that NSC refused to rehire Rhodes as a truck driver because of her gender in violation of Title VII of the Civil Rights Act of 1964. Both parties engaged in discovery, and NSC filed a motion for summary judgment which was denied. After a bench trial, the court found that NSC had not discriminated against Rhodes because of her gender and dismissed the case with prejudice. The EEOC filed an appeal with the Fourth Circuit Court of Appeals which it later voluntarily dismissed.

On July 13, 1994, NSC filed an Application for Award of Fees and Other Expenses under the Equal Access to Justice Act ("EAJA"). After partial briefing of the relevant issues, NSC on August 31, 1994, filed an Amended Application for Award of Fees and Other Expenses. In its amended application, NSC asserts that it is entitled to fees and

expenses under either the Equal Access to Justice Act, 28 U.S.C. § 2412, or the fee-shifting provision of Title VII, 42 U.S.C. § 2000e–5(k).

## II. DISCUSSION

 NSC first asserts that it is entitled to attorney fees under the EAJA. The statute, in relevant part, states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (1994). NSC argues that because it is a prevailing party, and the action was initiated by an agency of the United States, it is entitled to attorney fees so long as the EEOC's position was not substantially justified. However, Congress expressly qualified application of the EAJA in two ways. First, the statute begins with the phrase "[e]xcept as otherwise specifically provided by statute." Second, Congress enacted an accompanying savings provision:

> [N]othing in section 2412(d) of title 28, United States Code ... alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees and other expenses to any party other than the United States that prevails in any civil action brought by or against the United States.

Pub.L. No. 96–481, § 206, 94 Stat. 2330 (1980), *amended by* Pub.L. No. 99–80, § 3, 99 Stat. 186 (1985). The legislative history of the EAJA explains the effect of these two qualifications:

> [S]ubsection [2412(d)] applies to all civil actions except ... those already covered by existing fee-shifting statutes.... Moreover, this section is not intended to

replace or supersede any existing fee-shifting statutes such as ... the Civil Rights Acts ... or to alter the standards or the case law governing those Acts. It is intended to apply only to cases (other than tort cases) where fee awards against the government are not already authorized.

H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, *reprinted in* 1980 U.S.C.C.A.N. 4953, 4997. Accordingly, these two qualifications are interpreted as prohibiting § 2412(d) from either narrowing or broadening the award of fees allowed by other provisions of federal law. *Huey v. Sullivan*, 971 F.2d 1362, 1367 (8th Cir.1992), *cert. denied*, — U.S. —, 114 S.Ct. 1642, 128 L.Ed.2d 363 (1994); *E.E.O.C. v. Consolidated Serv. Sys.*, 30 F.3d 58, 59 (7th Cir.1994).

 In the case at bar, the EEOC asserted its claim against NSC under Title VII of the Civil Rights Act of 1964. Title VII contains its own fee-shifting provision:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k). This provision was in place when the EAJA was enacted. Both the plain language of the EAJA and its legislative history indicate that Congress did not intend the EAJA to apply where a statute regulating awards of attorney fees against the government already exists. Thus, the EAJA does not apply to suits under Title VII. *Consolidated Serv. Sys.*, 30 F.3d at 59; *E.E.O.C. v. Kimbrough Inv. Co.*, 703 F.2d 98, 103 (5th Cir.1983). NSC may not recover attorney fees in the case at bar under the EAJA.[1]

 Having determined that NSC is not entitled to attorney fees under the EAJA, the question of an award under Title VII

---

1. NSC's arguments that the EAJA supplements the more narrow fee-shifting provision of Title VII have been previously considered and rejected by courts under nearly identical circumstances.

*See E.E.O.C. v. Consolidated Serv. Sys.*, 839 F.Supp. 1285, 1289–90 (N.D.Ill.1993), *aff'd*, 30 F.3d 58 (7th Cir.1994).

must now be considered.[2] Although the language of the fee-shifting provision in Title VII appears to treat prevailing plaintiffs and prevailing defendants in an identical manner, the courts have applied two different standards of recovery of attorney fees to the two different parties. In the case of a prevailing plaintiff under Title VII, attorney fees are awarded in all but special circumstances. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975). In the case of a prevailing defendant, however, attorney fees are awarded only if the plaintiff's action is "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Such a fee award against a Title VII plaintiff is a "conservative tool, to be used sparingly." *Arnold v. Burger King Corp.,* 719 F.2d 63, 65 (4th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 108, 83 L.Ed.2d 51 (1984). In assessing the viability of a fee award, the court must "resist the understandable temptation to engage in *post hoc* reasoning" which could "discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg,* 434 U.S. at 421–22, 98 S.Ct. at 700.

■ The gender discrimination claim brought against NSC cannot be viewed as frivolous in light of the evidence presented at trial. Plaintiff produced evidence of several statements made by members of NSC management which, if found credible by the fact finder, tended to show discriminatory animus. Plaintiff also produced evidence tending to discredit NSC's explanation for its refusal to rehire Rhodes. While this evidence was insufficient to convince the court by a preponderance of the evidence that discrimination occurred, the court did deny NSC's motion for judgment as a matter of law at the close of evidence. Only in a "rare circumstance" is a case which survives a motion for directed verdict found to be frivolous, *Introcaso v. Cunningham,* 857 F.2d 965, 968 (4th Cir.1988), and this is not such a case. In addition, the court pointed out both at summary judgment and during the trial

that this case turned on a determination of the credibility of the witnesses. Finding this case to be frivolous would put too great a burden on Title VII plaintiffs generally, whose cases often have a factual foundation but ultimately turn on a determination of credibility.

## III. CONCLUSION

In sum, the court finds that a recovery of attorney fees under the EAJA is not proper in a Title VII action. The court also finds that the Title VII claim asserted by Plaintiff is not frivolous. Therefore, NSC is not entitled to recover attorney fees pursuant to the fee-shifting provision of Title VII. For the reasons stated herein, Defendant's Application for Fees and Other Expenses and Amended Application for Fees and Other Expenses will be denied.

---

2. Because the court finds that NSC is not entitled to an award of attorney fees under Title VII on the merits, the issue of the timeliness of NSC's application need not be addressed.