Dorothy F. DONNELLY, Gabriele Kass–Simon, Josie P. Campbell

v.

RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION; University of Rhode Island; University of Rhode Island Chapter of the American Association of University Professors.

Civil Action No. 94–408–T.

United States District Court,
D. Rhode Island.

Nov. 26, 1996.

---

Robert B. Mann, Providence, RI, for Plaintiffs.

Jay S. Goodman, Providence, RI, for the University of RI.

Marc B. Gurskey, Providence, RI, for University of RI Chapter of the American Association of University Professors.

### MEMORANDUM AND ORDER

TORRES, District Judge.

The University of Rhode Island (URI) and the University of Rhode Island Chapter of the American Association of University Professors (URI/AAUP or the Union) seek an award for the costs, attorney's fees and expert witness expenses they incurred in successfully defending this action alleging gender discrimination in employment brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1995). For the reasons stated below, the motions for attorney's fees and expert witness fees are denied and the motions for costs are granted in part and denied in part.

### Facts

A detailed recitation of the facts underlying this litigation and the reasons that judgment was entered in favor of the defendants may be found in *Donnelly v. Rhode Island Bd. of Governors for Higher Educ.*, 929 F.Supp. 583 (D.R.I.1996). For present purposes, it is sufficient to note that the plaintiffs' claim was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1995), and the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28–5–1 et seq. (1995) and that it rested on the allegation that the method utilized by URI to fix minimum salaries paid to its faculty discriminated against women. More specifically, the plaintiffs asserted that the method utilized, which was known as Plan A, had a disparate impact on women because it established lower minimum salaries for those groups or tiers of academic departments in which women were most heavily represented.

The action was commenced against URI, alone. However, since Plan A was adopted pursuant to a collective bargaining agreement between URI and URI/AAUP, URI joined the Union as a defendant pursuant to Fed.R.Civ.P. 19 and asserted a cross-claim against the Union for contribution and/or indemnification. The plaintiffs, then, amended their complaint to include a direct claim against the Union that mirrored their discrimination claim against URI.

The Union's motion to dismiss both claims was granted. However, the Union successfully argued that it should remain in the case because its presence was necessary to determine what relief was appropriate if the plaintiffs prevailed. URI's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and its subsequent motion for summary judgment pursuant to Fed.R.Civ.P. 56 were denied. Both motions were based on the contention that any disparities in the salaries paid to men and women faculty were not caused by Plan A but rather were attributable to market conditions.

As already noted, the case proceeded to trial and judgment was entered in favor of the defendants. URI and the Union, now, seek awards for attorney's fees and expert witness fees incurred in defending this action plus costs in the amounts of $3,288.83 and $1,440.20, respectively. The plaintiffs object to any award for attorney's and/or expert witness fees. They also object to including in the bill of costs any expenses incurred in obtaining transcripts of witness depositions and/or preliminary hearings as well as witness fees for Douglas Rosie.

## *Discussion*

### I. Attorney's Fees and Expert Witness Fees

As originally enacted, Title VII provided for an award of attorney's fees to the prevailing party. In 1991 the statute was amended to permit the recovery of expert witness fees also. It now provides that:

> [i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k) (1995).

■ The amendment makes it clear that, in Title VII actions, awards for both attorney's fees and expert witness fees are governed by the same standard. *See AFSCME v. County of Nassau,* 96 F.3d 644, 645 (2nd Cir.1996). That standard is well established. Ordinarily, a prevailing *plaintiff* is entitled to recover attorney's fees unless "special circumstances" exist that "would render such an award unjust." *Blanchard v. Bergeron,* 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 942 n. 1, 103 L.Ed.2d 67 (1989); *see also Albemarle Paper Co. v. Moody,* 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975); *Pontarelli v. Stone,* 781 F.Supp. 114, 119 (D.R.I.1992). On the other hand, a prevailing *defendant* is entitled to attorney's fees only if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); *Pontarelli,* 781 F.Supp. at 125.

■ In determining whether a claim is frivolous, a court should avoid the temptation to conclude that, because the plaintiff was unsuccessful, the claim was groundless. *Christiansburg,* 434 U.S. at 421–22, 98 S.Ct. at 700. Instead, the relevant inquiry is whether a reasonable person would have recognized the claim as meritless. *Pontarelli,* 781 F.Supp. at 127.

■ There is no talismanic test for determining whether a claim should be deemed frivolous. One factor to be considered is whether the claim survived pretrial motions for *brevis* disposition on the merits. *See E.E.O.C. v. Kimbrough Investment Co.,* 703 F.2d 98, 103 (5th Cir.1983); *E.E.O.C. v. Northwest Structural Components,* 897 F.Supp. 249, 252 (M.D.N.C.1995) (only in rare circumstances will a case that survives a motion to dismiss be considered frivolous). Another factor is whether the plaintiff presented sufficient evidence to establish a *prima facie* case. *Johnson v. Allyn & Bacon, Inc.,* 731 F.2d 64, 74 (1st Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984) (award of attorney's fees to the defendant denied because plaintiff proved *prima facie* case); *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985).

■ In this case, those factors point in different directions. The plaintiffs cite the denial of URI's motions to dismiss and for summary judgment as evidence that their claims were not frivolous. URI, on the other hand, argues that the Court's determination that the evidence presented at trial was insufficient to establish a *prima facie* case demonstrates that the plaintiffs' claim was frivolous. URI's argument is undermined by the fact that, although the Court's determination was based on the plaintiffs' failure to present evidence of any disparity between the minimum salaries actually paid to men and women faculty members, URI apparently did not view this failure as a deficiency in the plaintiffs' case because it did not assert it as a ground for its motion to dismiss or for its motion for summary judgment. Instead, URI argued that if any disparity existed it was caused by market forces and not by Plan A.[1] The failure of URI, itself, to perceive the omission as fatal to the plaintiffs' case, strongly suggests that a reasonable person

---

1. The Court did find a failure to prove that Plan A caused women to be paid lower minimum salaries than men. However, that finding, too, was predicated on the absence of any evidence that women faculty actually receiving minimum salaries were paid less than their male counterparts.

would not have recognized the plaintiffs' claim as meritless.

The Union's claim for an award of attorney's fees is even less compelling. First, the Union's involvement in this case is not directly attributable to any action by the plaintiffs. As already noted, it was URI that moved to join the Union, and the Union, itself, sought to remain a party even after all claims against it had been dismissed. Although the plaintiffs amended their complaint to assert a claim against the Union, that claim promptly was dismissed and is unrelated to most of the fees for which the Union seeks reimbursement.

It is true that the plaintiffs are *indirectly* responsible for the Union's involvement in this litigation because "but for" the plaintiffs' claim against URI, there would have been no litigation. However, since the plaintiffs' claim against URI was not "frivolous," it does not provide a basis on which to impose derivative liability for attorney's fees incurred by the Union.

## II. Costs

Unlike attorney's fees, an award of costs is governed by Fed.R.Civ.P. 54(d). *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490–91 (7th Cir.1982); *Croker v. Boeing Co.*, 662 F.2d 975, 998 (3rd Cir.1980) (*en banc*); *see, Phetosomphone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 n. 6 (1st Cir.1993). Rule 54(d) provides that "costs shall be allowed as [a matter] of course to the prevailing party unless the court otherwise directs. . . ." The expenses allowable as costs are enumerated in 28 U.S.C. § 1920 (1995). The relevant portion of that section provides:

A judge or clerk of any court of the United States may tax as costs the following:

. . . .

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses. . . .

28 U.S.C. § 1920 (1995).

■ The provision for witness fees does not authorize reimbursement for premiums charged by expert witnesses which, as already noted, are governed, in Title VII cases, by 42 U.S.C. § 2000e–5(k). Rather, the witness fees referred to in § 1920(3) are fixed by 28 U.S.C. § 1821 (1995) at $40 for each day consumed by the witness's actual attendance and necessary travel time plus travel expenses and a daily subsistence allowance when an overnight stay is required.

Section 1924 requires the party seeking costs to submit an affidavit attesting "that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924 (1995). Local Rule 25 requires "a memorandum of the costs and necessary disbursements, so specifying each item that the nature of each can be readily understood," D.R.I. Local R. 25, and a form (AO 133) is available to assist a prevailing party in documenting the request.

In this case the plaintiffs concede that URI is entitled to a $40 witness fee for Dr. Haworth. However, they contest the defendants' entitlement to the costs of obtaining transcripts of various witness depositions and certain pretrial proceedings. In addition, the plaintiffs challenge the witness fee of $266.08 claimed for Douglas Rosie.

■ As already noted, § 1920(2) permits the recovery of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Those fees include the cost of transcripts of depositions that are "either introduced in evidence or used at trial." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir.), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Even if the transcripts are not introduced in evidence or used at trial, the Court has discretion to include the transcript fees in an award of costs "if special circumstances warrant it." *Id.*

Here, none of the deposition transcripts were introduced in evidence. However, the defendants had a legitimate need to have the transcripts of Dr. Gray, Professor Donnelly and Professor Kass–Simon available at trial for purposes of cross examination. All three were plaintiffs' witnesses and, in the case of

Dr. Gray, the defendants actually used the transcript of Dr. Gray's deposition in an effort to impeach her.

■ No such need existed with respect to the deposition testimony of the defendants' own witnesses. The testimony of those witnesses was neither used at trial nor was it a necessary part of the defendants' trial preparation. The fact that the defendants may have found the transcripts convenient or helpful is insufficient to warrant including the transcript fees as an element of costs.

■ URI/AAUP has claimed additional expenses for what it denominates only as "transcript cost." It appears that, at least some of those items, refer to fees for transcripts of pretrial arguments on various motions which, ordinarily, are not taxable as costs. In any event, with the exception of the cost of the trial transcript needed to prepare post trial memoranda, the Union's failure to adequately describe the nature of these expenses or to explain why they should be awarded is sufficient reason to disallow them.

■ URI seeks a fee of $266.08 for Dr. Rosie who testified on February 12, 1995. Since no documentation has been provided for any amount in excess of the daily attendance fee, costs for Dr. Rosie's appearance will be limited to the $40 prescribed by 28 U.S.C. § 1821.

### Conclusion

For all of the foregoing reasons, the defendants' motions for attorney's fees and *expert* witness fees are denied. The defendants motions for costs are granted in part and denied in part and costs are hereby awarded as follows.

1. Costs awarded to URI:

| | | | |
|---|---|---|---|
| A. | Transcript costs for Donnelly deposition | $ | 207.10 |
| B. | Transcript costs for Kass–Simon deposition | $ | 678.90 |
| C. | Transcript costs for Gray deposition | $ | 320.50 |
| D. | Trial Transcript costs | $ | 930.00 |
| E. | Witness fee for Douglas Rosie | $ | 40.00 |
| F. | Witness fee for Dr. Haworth | $ | 40.00 |
| | TOTAL | $ | 2,216.50 |

2. Costs awarded to URI/AAUP:

| | | | |
|---|---|---|---|
| A. | Trial Transcript costs | $ | 372.00 |
| | TOTAL | $ | 372.00 |

IT IS SO ORDERED.