Sheree A. CARTER

v.

STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, George A. Vose, Jr., Director, Department of Corrections, Walter Whitman, Warden, Department of Corrections, Thomas Partridge, Deputy Warden, Department of Corrections, Barry Levin, Chief Supervisor of Employee relations, Rhode Island Brotherhood of Correctional Officers, William Bove, President, Rhode Island Brotherhood of Correctional Officers, Kenneth Rivard, Grievance Chairman, Ronald Brodeur, Captain, Kenneth Ahern, Captain, Peter Germani, Ronald Le Clerc, Lieutenant.

No. 93–0447–T.

United States District Court,
D. Rhode Island.

Oct. 29, 1998.

Arlene Marie Violet, Arlene Violet & Law Assoc., East Providence, RI, Patrick James Quilan, George E. Babcock, Providence, RI, Judith I. Scott, Cranston, RI, M. George Carvalho, Providence, RI, for Plaintiff.

Sheree A. Carter, Pawtucket, RI, pro se.

James R. Lee, Brenda A. Doyle, Atty. Gen's Office, Providence, RI, Gerard Paul Cobleigh, Cobleigh Watt Rock & Giacobbe, Warwick, RI, Robin E. Feder, U.S. Atty's Office, Providence, RI, for Defendants.

### MEMORANDUM AND ORDER

TORRES, District Judge.

The defendants seek attorneys' fees for defending what this Court previously found to be a frivolous suit. The issue presented is whether, under 42 U.S.C. §§ 1988(b) and 2000e–5(k), the "reasonable attorney's fee" awarded to government defendants who are represented by salaried government lawyers should be calculated in accordance with the lodestar method that reflects prevailing market rates for such services, or, alternatively, whether it should be based upon the salaries of the defendants' lawyers. I find that the lodestar method applies and, therefore, award attorneys' fees based on the fair market value of the services rendered.

### Background

Sheree A. Carter is a correctional officer employed by the State of Rhode Island. She brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983 against the State, four of her superior officers and four officials of the Department of Corrections. She alleged that the defendants discriminated against her in various ways because of her race and her gender. All of her claims either were dismissed prior to trial, resulted in summary judgment in favor of the defendants, or resulted in judgment as a matter of law after the presentation of the plaintiff's case.

■ As already noted, in a previous bench decision, this Court found Carter's claims to be frivolous and determined that the defendants were entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988(b) and 2000e–5(k).[1] The defendants contend

that the amount awarded should be calculated according to prevailing hourly rates in the community for similar services.[2] The plaintiff, on the other hand, argues that because the defendants' attorneys were State employees, the amount awarded should be based upon their salaries.

### Discussion

The statutes governing awards of attorneys' fees in actions brought pursuant to § 1983 and Title VII are virtually identical. Both statutes authorize the Court to "allow the prevailing party ... a reasonable attorney's fee as part of the costs ...." 42 U.S.C. §§ 1988(b), 2000e–5(k).

■ The purpose of awarding an attorney's fee to a prevailing plaintiff is to encourage individuals to vindicate the policies underlying the civil rights and anti-discrimination laws by pursuing legitimate claims of constitutional deprivations and unlawful discrimination even though the pecuniary damages are modest and/or the claimant lacks the resources to pay counsel, *see* S.Rep. No. 94–1011, at 2 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5910; *see also Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983), and to encourage attorneys to accept such cases. *See Blanchard v. Bergeron*, 489 U.S. 87, 93, 109 S.Ct. 939, 944, 103 L.Ed.2d 67 (1989) (purpose of § 1988 is to ensure that "competent counsel was available to civil rights plaintiffs"); *Nydam v. Lennerton*, 948 F.2d 808, 812 (1st Cir.1991) (purpose of § 1988 is to "encourag[e] attorneys to undertake civil rights actions").

■ On the other hand, attorneys' fees are awarded to prevailing defendants in order to deter plaintiffs from bringing groundless lawsuits and to alleviate the defendants' burden in defending them. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (Con-

---

1. The Court determined that the defendants were entitled to compensation for 142.8 hours of work by Assistant Attorney General James R. Lee and 13.5 hours of work by Special Assistant Attorney General Brenda A. Doyle in defending the case.

2. It is undisputed that $175 an hour for Assistant Attorney General Lee and $100 an hour for Special Assistant Attorney General Doyle are reasonable hourly rates based on the prevailing market rates in the Providence, Rhode Island area.

gress "wanted to protect defendants from burdensome litigation having no legal or factual basis"); *Andrade v. Jamestown Hous. Auth.*, 82 F.3d 1179, 1193 (1st Cir.1996) (award to prevailing defendant "must fulfill the deterrent purpose of § 1988 and 42 U.S.C. § 2000e–5(k) in discouraging plaintiffs from bringing frivolous claims"); *Fidelity Guar. Mortgage Corp. v. Reben*, 809 F.2d 931, 936 (1st Cir.1987) (where plaintiff has no factual basis for bringing suit and does so only to harass defendant, award "can and should be made to deter such conduct in the future").

■ Although the statutes do not distinguish between prevailing plaintiffs and prevailing defendants, a defendant may be awarded attorneys' fees only if the plaintiff's claims are "frivolous, unreasonable, or without foundation". *Christiansburg Garment Co.*, 434 U.S. at 421, 98 S.Ct. at 700; *Donnelly v. Rhode Island Bd. of Governors*, 946 F.Supp. 147, 150 (D.R.I.1996). The justification for requiring a higher threshold for defendants is that "assessing attorneys' fees against plaintiffs simply because they do not finally prevail . . . would undercut the efforts of Congress to promote the vigorous enforcement" of such statutes. *Christiansburg Garment Co.*, 434 U.S. at 422, 98 S.Ct. at 701.

However, there is no basis for calculating the *amount* of the fee differently for plaintiffs than for defendants. Indeed, in cases involving private counsel, the lodestar method has been applied uniformly without regard to whether the plaintiff or the defendant prevailed. *See, e.g., Coutin v. Young & Rubicam Puerto Rico*, 124 F.3d 331, 342 (1st Cir.1997) (lodestar approach applicable where plaintiff prevailed); *Patton v. County of Kings*, 857 F.2d 1379, 1382 (9th Cir.1988) (lodestar approach applicable where defendant prevailed).

The lodestar method also has been utilized when counsel are salaried employees of nonprofit organizations. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). *Blum* held that under § 1988(b), attorneys' fees "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Although in *Blum*, the salaried counsel represented the plaintiffs, *Blum* does not limit application of the lodestar method to cases in which the plaintiff prevails. On the contrary, it appears that *Blum*, as a matter of statutory construction, defines the term "reasonable attorney's fee" as the fair market value of the services rendered. 465 U.S. at 893–94, 104 S.Ct. at 1546.

Nor is there any logical reason for treating a defendant who has been subjected to a frivolous lawsuit differently than a prevailing plaintiff. Indeed, salary-based fee awards for defendants would create the same practical difficulties that lodestar awards avoid with respect to plaintiffs.

The salaries paid to government attorneys do not reflect the true cost of the services that they render because those salaries do not take into account overhead costs or amounts paid to secretaries and other support staff. Calculating the portion of those costs that is properly allocable to the work performed by the attorneys "would be an enormously complex matter." *Coleman*, 635 F.Supp. at 268. *See Harris*, 123 F.R.D. at 227 (when a fee award is based only on the salary of government attorneys, "the government does not recoup its true costs of litigation which, like private counsel, include secretarial and support staff expenses, supplies, materials, travel, phone calls, etc."). In addition, discounting the fee award in that manner would undermine the statutory purpose of deterring frivolous lawsuits.

This Court has found only two reported decisions on point. Both of them hold that fee awards made to government defendants who are represented by salaried government attorneys should be calculated by the lodestar method. *See Harris v. Marsh*, 123 F.R.D. 204, 227 (E.D.N.C.1988), *aff'd in part, rev'd in part on other grounds sub nom. Blue v. U.S. Department of Army*, 914 F.2d 525 (4th Cir.1990) (finding no reason "[w]hy government counsel, who work on the same basis, should be treated any differently than [plaintiff's salaried] counsel"); *Coleman v. McLaren*, 635 F.Supp. 266, 267–68 (N.D.Ill. 1986) (basing fee awards on market rates "is a two-way street" and "the fact that defendants' attorneys are public servants who will

not personally receive any fees awarded makes no difference").

The First Circuit has utilized the lodestar method to calculate attorneys' fees awarded to salaried attorneys representing a prevailing plaintiff, *see Palmigiano v. Garrahy,* 616 F.2d 598 (1st Cir.1980); but it has not yet addressed whether that method is equally applicable to salaried attorneys representing a prevailing defendant. There is language in *Palmigiano* that might be interpreted as suggesting that such a distinction could be justified on the ground that "public interest" organizations that bring civil rights actions on behalf of plaintiffs are more deserving than organizations that defend such actions. *See id.* at 602. ("We do not think ... that compensating a public interest organization like the National Prison Project on the same basis as a private practitioner results in ... a windfall, particularly when fees are expected to be used to finance more civil rights litigation.") 616 F.2d at 602. However, that appears to be a rather strained interpretation of *Palmigiano.*

Nothing in *Palmigiano* purports to limit application of the lodestar method to salaried attorneys who are employed by "public interest" organizations or who represent plaintiffs. In fact, reading *Palmigiano* to mean that application of the lodestar method turns on subjective opinions regarding the desirability or undesirability of funding a particular organization's future litigation would run counter to Blum's admonition that "policy arguments advanced in favor of a cost-based standard should be addressed to Congress rather than to [the] Court," *Blum,* 465 U.S. at 895–96, 104 S.Ct. at 1547.

### Conclusion

For all of the foregoing reasons, the defendants are awarded the sum of $26,340 calculated as follows:

| | | |
|---|---|---|
| James Lee | 142.8 hrs. × $175 per hr. = | $24,990 |
| Brenda A. Doyle | 13.5 hrs. × $100 per hr. = | $ 1,350 |
| TOTAL: | | $26,340 |

IT IS SO ORDERED.