HELENE N. WHITE, Circuit Judge,
concurring.
The question is whether subsection 2412(d) of the EAJA is applicable to actions brought by the EEOC under the ADEA. I agree with the majority that it does apply. I write separately to address the EEOC’s arguments more fully, and because the two circuit opinions that have decided the issue included little analysis.
It is undisputed that subsection 2412(b) applies to the EEOC in such circumstances and operates to make it liable for reasonable fees and expenses of attorneys “to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.”[7] Subsection 2412(b) applies because its application is not “expressly prohibited” by the ADEA. Application of subsection 2412(b) to the EEOC renders it liable for attorney fees to the same extent any other party would be, which, in the context of an ADEA plaintiff, makes the EEOC liable for attorney fees only if it litigated in bad faith. Morgan v. Union Metal Mfg., 757 F.2d 792, 796 (6th Cir.1985).
All agree that subsection'2412(d) of the EAJA is applicable “[ejxcept as otherwise specifically provided by [the ADEA]”;[8] and all agree that the ADEA incorporates the attorney fee shifting provisions of the FLSA. Unlike Title VII, which allows for attorney fees for prevailing defendants in the court’s discretion “upon a finding that the plaintiffs action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith,” including when the EEOC is the plaintiff, Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the FLSA provides for the award of attorney fees to prevailing plaintiffs only. Thus, the question is whether the FLSA’s provision specifically allowing plaintiffs, but not defendants, to receive attorney fee awards should be construed to be a provision that specifically provides that a defendant prevailing against the EEOC should not recover attorney fees under subsection 2412(d).
It is no answer to rely on the simple fact that the FLSA does not provide for attorney fee awards to private defendants because § 2412(d) contemplates an award of attorney fees to a party prevailing against the United States under circumstances where a private party would not be subject to an attorney fee award in favor of the party seeking fees under § 2412(d). That is the very purpose of subsection (d). Subsection (b) permits an award against the government in all cases where a private party would be liable; subsection (d) extends the government’s potential liability for attorney fees beyond that applicable to a private party in the same circumstances.
Still, the EAJA contemplates that § 2412(d) will not displace existing fee-shifting provisions, including those under the civil rights laws. This is clear from the language of § 2412(d), the legislative history and the savings provision. Congress expressly qualified the application of § 2412(d) by beginning that subsection with the phrase “[e]xcept as otherwise spe *617 cifically provided by statute.” Further, the legislative history of the EAJA provides:
[S]ubseetion [2412(d) ] applies to all civil actions except ... those already covered by existing fee-shifting statutes-Moreover, this section is not intended to replace or supersede any existing fee-shifting statutes such as ... the Civil Rights Acts ... or to alter the standards or the case law governing those Acts. It is intended to apply only to cases (other than tort cases) where fee awards against the government are not already authorized.
H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, reprinted in 1980 U.S.C.C.A.N. 4953, 4997. Consistent with this legislative history, Congress also enacted a separate savings provision:
[NJothing in section 2412(d) of title 28, United States Code, as added by section 204(a) of this title, alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees and other expenses to any party other than the United States that prevails in any civil action brought by or against the United States.
Equal Access to Justice Act, Pub.L. No. 96-481, § 206, 94 Stat. 2830 (1980), amended by Pub.L. No. 99-80, § 3, 99 Stat. 186 (1985).
These provisions have led the circuits that have addressed the issue to conclude that subsection 2412(d) does not apply to Title VII actions because Title VII has its own fee-shifting provision. E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 521-22 (4th Cir.2012); E.E.O.C. v. Consol. Serv. Sys., 30 F.3d 58 (7th Cir.1994); Huey v. Sullivan, 971 F.2d 1362, 1366-67 (8th Cir.1992); E.E.O. C. v. Kimbrough Inv. Co., 703 F.2d 98, 103 (5th Cir.1983). Title VII provides:
(k) Attorney’s fee; liability of Commission and United States for costs
In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney’s fee (including expert fees) as part of the costs, and the Commission and the United States shall be hable for costs the same as a private person.
42 U.S.C. § 2000e-5(k). This section does not on its face “otherwise specifically provide” in that it allows for the award of attorney fees to prevailing plaintiffs and defendants, it allows for the United States to be liable for attorney fees, and it does not provide a standard for assessing attorney fees that is different from the EAJA’s substantially justified standard. Nevertheless, because the Supreme Court has interpreted § 2000e-5(k) to provide a bifurcated standard for awarding attorney fees to prevailing parties — presumptive awards for prevailing plaintiffs other than the EEOC, and awards for prevailing defendants only upon a finding that the plaintiffs action was “frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith,” — and § 2000e-5(k) provides that the government is liable for costs the same as a private person, courts have concluded that both the “otherwise specifically provides,” and the savings provision exempt Title VII from the application of subsection 2412(d).
The EEOC asserts that the ADEA/ FLSA attorney fee shifting provision also “otherwise specifically provides” in that it specifically mandates fees in favor of prevailing plaintiffs and intentionally declines to authorize statutory fees in favor of prevailing defendants. The EEOC argues that § 2412(d) must give way to the legislative judgment that an ADEA plaintiff should not be liable for an ADEA defen *618 dant’s attorney fees unless the common-law bad-faith exception applies. The EEOC makes its point by analogizing to Title VIL In accordance with congressional intent, Title VII defendants may collect, and Title VII plaintiffs both governmental and private are liable to pay, statutory attorney fees when the plaintiffs position is frivolous. By declining to adopt Title VII’s fee-shifting provision for the ADEA and instead adopting the FLSA’s provision, Congress expressed its intent that ADEA defendants not be entitled to receive, and ADEA plaintiffs not face the prospect of having to pay, defendants’ attorney fees unless the common-law bad-faith exception applies. However, if § 2412(d) is applied to ADEA ■ cases, it creates an anomalous situation that is inconsistent with Congress’s approach to fee-splitting under Title VII and the ADEA by making it easier for ADEA defendants to recover attorney fees from the government than Title VII defendants, even though Title VII contemplates attorney fee awards to defendants under limited circumstances and the ADEA makes no provision at all for awarding fees to defendants, relegating them to the common-law bad-faith rule.
This argument is not without force, but it is also not without problems. First, subsection 2412(d) itself requires that the other operative statute otherwise specifically provide, and while Title VII does clearly provide otherwise, the ADEA FLSA provision arguably otherwise provides by implication only. Second, both the savings provision and the legislative history contemplate that subsection 2412(d) will be inapplicable where another provision authorizes an award of fees and other expenses to a party prevailing in a civil action brought by or against the United States. Unlike Title VII, the ADEA makes no provision for the award of fees to a party prevailing in litigation 'against the United States. Defendants, even those prevailing in an action brought by the United States, are not authorized to recover fees under the ADEA; and 29 U.S.C. § 633a (1988), which extends the protection against age discrimination to federal employees, does not incorporate the fee shifting provisions of the FLSA. Thus, the ADEA/FLSA provision at issue does not authorize an award of fees to a party prevailing against the United States and therefore by its terms, the savings provision does not disallow the application of subsection 2412(d) to ADEA cases.
It seems a fair inference that in preserving existing fee-shifting provisions against the operation of § 2412(d), Congress was more concerned with raising the threshold for awarding attorney fees to plaintiffs prevailing against the United States than it was with raising the standard the United States must meet in order to avoid paying attorney fees to prevailing defendants. To be sure, application of § 2412(d) to the EEOC in Title VII cases implicates the latter, rather than the former, concern and the courts have concluded nonetheless that § 2412(d) cannot supplant the frivolous standard in favor of the substantially justified standard for awarding fees against the EEOC as plaintiff. However, those decisions rest on the circumstances that Title VII falls within both the “specifically provides otherwise” clause of § 2412(d) and the savings provision’s exception for statutes that themselves authorize an award of fees to a party prevailing against the United States. Here, where neither provision applies, it is not clear that Congress’s intent in preserving existing fee shifting schemes was directed at ensuring that the EEOC only pay attorney fees in ADEA cases when it proceeds in bad-faith.
This still leaves the question whether the congressional decision to provide for no statutory attorney fees in favor of pre *619 vailing defendants in ADEA cases should be construed, for EAJA purposes, to be a provision specifically providing that no fees shall be awarded against the EEOC in cases where a defendant prevails, except under the common-law bad-faith rule. Stated differently, did Congress intend that parties successfully defending against the EEOC in ADEA cases would have the benefit of the substantially justified test and be awarded attorney fees unless the EEOC’s position was substantially justified, or be left in the position of all other ADEA defendants who prevail and be awarded attorney fees only if the plaintiff, including the EEOC, proceeded in bad-faith? The question implicates two Congressional concerns — awarding attorney fees to private parties who prevail against the government when the government’s position is not substantially justified, and leaving the American rule applicable to ADEA defendants, subject to the common-law bad-faith exception, so as not to discourage or burden the vindication of the interests protected by the ADEA. Because the award of attorney fees under subsection 2412(d) in ADEA cases burdens only the EEOC and no other plaintiffs or defendants; the EEOC is unlikely to be unduly deterred in its mandate to enforce the anti-discrimination laws by the specter of incurring liability for prevailing defendants’ attorney fees where its position is determined to be not substantially justified; and Congress intended that private parties successfully defending against United States government claims that are determined to be not substantially justified recover attorney fees unless there is another statutory provision specifically providing otherwise or providing for the application of a different standard for awarding fees against the government, I conclude that the balance favors the conclusion that Congress intended that subsection 2412(d) apply to ADEA claims brought by the EEOC. Thus, I agree with the majority that the district court properly determined that subsection 2412(d) is applicable.

. Prior to the enactment of the EAJA, the common-law exceptions to the American rule that each party to litigation bears its own attorney expenses did not apply to the United States because of its sovereign immunity.

. In contrast to subsection (b)’s qualifying language — "Unless expressly prohibited by statute,” — subsection (d) uses the phrase "Except as otherwise specifically provided by statute.”